■ In the Matter of KAHORI EMMANUEL A., a Child Alleged to be Neglected. GRAHAM WINDHAM CHILDREN's SERVICES, Respondent; MANUEL C. et al., Appellants. (Proceeding No. 1.) In the Matter of MARK ANTHONY A., a Child Alleged to be Neglected. GRAHAM WINDHAM CHILDREN's SERVICES, Respondent; MANUEL C. et al., Appellants. (Proceeding No. 2.) [730 NYS2d 878] —In two related proceedings pursuant to Social Services Law § 384-b to terminate parental rights on the ground of permanent neglect, the father appeals, as limited by his brief, from (1) so much of an order of the Family Court, Kings County (Pearce, J.), dated February 4, 1999, as, after a fact-finding hearing, found that he failed to plan for the return of his children despite the diligent efforts of the petitioner, Graham Windham Children's Services, (2) an order of the same court, dated June 23, 1999, which, after a fact-finding hearing, terminated his parental rights and transferred guardianship and custody of the child Kahori Emmanuel A. jointly to the Commissioner of Social Services of the City of New York and the petitioner, Graham Windham Children's Services, and (3) so much of an order of the same court, dated December 1, 1999, as, after a fact-finding hearing, terminated his parental rights and transferred guardianship and custody of the child Mark Anthony A. to the Commissioner of Social Services of the City of New York and the petitioner, Graham Windham Children's Services, and the mother separately appeals from the order dated February 4, 1999.

Ordered that the appeal by the mother is dismissed as abandoned, without costs or disbursements; and it is further,

Ordered that the orders are affirmed insofar as appealed from by the father, without costs or disbursements.

The petitioner made diligent efforts to have the father plan for his children, which were thwarted by his refusal to cooperate with the caseworkers. An agency faced with an uncooperative parent is deemed to have fulfilled its statutory obligations (*see, Matter of Brooke Louise H.*, 158 AD2d 425). Further, the father failed to discharge his responsibility to plan for the return of his children (*see,* Social Services Law § 384-b [7] [a]). After the finding of neglect, the Family Court also properly determined that it was in the best interests of the children to terminate the father's parental rights (*see, Matter of Star Leslie W.,* 63 NY2d 136, 147-148).

The father's remaining contentions are without merit. Santucci, J. P., Florio, H. Miller and Townes, JJ., concur.