■ In the Matter of JOQUAN JOMAINE-ANTHONY V., an Infant. FORESTDALE, INC., et al., Respondents; JOSE V., Appellant. [835 NYS2d 320]—

In a proceeding pursuant to Social Services Law § 384-b to terminate parental rights on the ground of permanent neglect, the father appeals from an order of disposition of the Family Court, Queens County (Richardson, J.), dated February 15, 2006, which, upon a fact-finding order of the same court dated April 27, 2005, made after a hearing, finding that he had permanently neglected the subject child and, after a dispositional hearing,

terminated his parental rights and transferred custody of the subject child to the Commissioner of Social Services of the City of New York and the petitioner Forestdale, Inc., for the purpose of adoption.

Ordered that the order of disposition is affirmed, without costs or disbursements.

As a threshold matter, the petitioner, Forestdale, Inc., established that it made diligent efforts to encourage and strengthen the parental relationship between the appellant and the subject child by, inter alia, scheduling weekly visitation and by providing referrals to parenting skills classes and anger management counseling (*see* Social Services Law § 384-b [7] [f]; *Matter of Jamie M.*, 63 NY2d 388 [1984]). Further, the agency established by clear and convincing evidence that, despite its diligent efforts, the appellant permanently neglected the subject child by failing to plan for his future (*see* Social Services Law § 384-b [7] [a]; *Matter of Star Leslie W.*, 63 NY2d 136, 142-143 [1984]). Although the appellant attended anger management counseling and completed a parenting skills course, the evidence demonstrated that he failed to gain insight into the issues which led to the removal of the subject child from his home. Despite the agency's efforts to assist the respondent father to improve his deficient parenting skills and to remediate his propensity for domestic violence, the father's aggressive and threatening behavior continued unabated (*see Matter of Nathaniel T.*, 67 NY2d 838, 841-842 [1986]; *see also Matter of Jennifer R.*, 29 AD3d 1005, 1006 [2006]; *Matter of Ajuwon H.*, 18 AD3d 752 [2005]).

The finding that it was in the subject child's best interests to be adopted by his foster mother is supported by a preponderance of the evidence (*see* Family Ct Act § 631; *Matter of Star Leslie W., supra* at 147-148). Miller, J.P., Ritter, Covello and McCarthy, JJ., concur.