■ In the Matter of TYNELL S. HARLEM DOWLING-WESTSIDE CENTER FOR CHILDREN AND FAMILY SERVICES, Respondent; ANNETTE R.-S. et al., Appellants. In the Matter of DOMINIQUE S., Also Known as DOMINICK S. HARLEM DOWLING-WESTSIDE CENTER FOR CHILDREN AND FAMILY SERVICES, Respondent; ANNETTE R.-S. et al., Appellants. In the Matter of DEVONAY S., Also Known as DEVONA S. HARLEM DOWLING-WESTSIDE CENTER FOR CHILDREN AND FAMILY SERVICES, Respondent; ANNETTE R.-S. et al., Appellants. [842 NYS2d 90]—

In three related proceedings pursuant to Social Services Law § 384-b to terminate parental rights on the ground of perma-

nent neglect, the mother and the father separately appeal from three orders of fact-finding and disposition of the Family Court, Kings County (Pearl, J.), all dated March 14, 2006, which, after fact-finding and dispositional hearings, found that they permanently neglected the subject children, terminated their parental rights, and transferred guardianship and custody of the subject children to the Commissioner of Social Services of the City of New York and the Harlem Dowling-Westside Center for Children and Family Services for the purpose of adoption.

Ordered that the orders of fact-finding and disposition are affirmed, without costs or disbursements.

As an initial matter, based on this record there is no merit to the Law Guardian's contention that the mother's appeals should be dismissed as untimely taken. Contrary to the Law Guardian's contention, there is no evidence in the record that the Family Court mailed the orders of fact-finding and disposition with notices of entry to the mother. Accordingly, it cannot be determined on the record before the court whether the mother filed her notice of appeal within the required time period following service of the notices of entry of the orders (*see* Family Court Act § 1113).

Contrary to the parents' contentions, the Family Court properly found that the agency exercised diligent efforts to strengthen the parent-child relationship and to reunite the family by, among other things, scheduling regular and meaningful visits with the children and referring the parents to programs providing domestic violence counseling (*see* Social Services Law § 384-b [7] [f]; *Matter of Sheila G.,* 61 NY2d 368, 373 [1984]). An agency that has exercised diligent efforts but is "faced with an uncooperative parent is deemed to have fulfilled its statutory obligations" (*Matter of Kahori Emmanuel A.,* 287 AD2d 452, 452 [2001]; *see Matter of Star Leslie W.,* 63 NY2d 136, 144 [1984]; *Matter of Sheila G.,* 61 NY2d at 385). Notwithstanding the agency's efforts, the parents failed to plan for the future of their children (*see* Social Services Law § 384-b [7] [c]). "At a minimum, parents must take steps to correct the conditions that led to the removal of the child from their home" (*Matter of Nathaniel T.,* 67 NY2d 838, 840 [1986], quoting *Matter of Leon RR.,* 48 NY2d 117, 125 [1979]). "This parental obligation necessarily includes addressing and overcoming [the] specific personal and familial problems which initially endangered or proved harmful to the child, and which may in the future endanger or possibly harm the child" (*Matter of Sonia H.,* 177 AD2d 575, 576 [1991]; *see Matter of Leon RR.,* 48 NY2d at 125; *Matter of Travis Lee G.,* 169 AD2d 769, 770 [1991]).

Here, the father admitted that he never followed up on the referrals and never attended any program of domestic violence counseling. The mother, though she attended several sessions of individual and group domestic violence counseling, never completed these counseling sessions and never attained any insight as to why she had to attend. Despite a previous order finding that her husband had committed abuse, and she had committed abuse by failing to protect their children, the mother never acknowledged her responsibility for the removal of the children. Because neither parent gained insight into their previous behavior or addressed the issues that led to their children's removal from the home, the Family Court correctly found that, despite diligent efforts by the agency, the parents failed to adequately plan for their children's future and, therefore, the children were permanently neglected (see Matter of Leon RR., 48 NY2d at 125; Matter of Jennifer R., 29 AD3d 1005, 1006 [2006]; Matter of Justina Rose D., 28 AD3d 659, 660 [2006]; Matter of Ajuwon H., 18 AD3d 752, 753 [2005]). Furthermore, the Family Court correctly determined that it would be in the children's best interests to be freed for adoption by their foster parents, with whom they had been living since 1995 and, with regard to Devonay, since shortly after her birth in 1996 (see Matter of Jennifer R., 29 AD3d at 1006; Matter of Ajuwon H., 18 AD3d at 753; Matter of Diana L., 299 AD2d 359, 360 [2002]).

The mother's remaining contention is without merit. Florio, J.P., Fisher, Carni and McCarthy, JJ., concur.