■ In the Matter of SHAMEL H., Also Known as SHAMEL SADIQUE H. EPISCOPAL SOCIAL SERVICES et al., Respondents; ROBERT S., Appellant, et al., Respondent. (Proceeding No. 1.) In the Matter of SHAVONNE H.S., Also Known as SHAVONNE TANIA H.S., Also Known as SHAVONNE H. EPISCOPAL SOCIAL SERVICES et al., Respondents; ROBERT S., Appellant, et al., Respondent. (Proceeding No. 2.) In the Matter of KRISTAN H., Also Known as KRISTAN TAQUAN H. EPISCOPAL SOCIAL SERVICES et al., Respondents; ROBERT S. Appellant, et al., Respondent. (Proceeding No. 3.) [876 NYS2d 515]—

In related proceedings pursuant to Social Services Law § 384-b, inter alia, to terminate parental rights on the ground of permanent neglect, the father appeals, as limited by his brief, from so much of three orders of disposition (one as to each child) of the Family Court, Kings County (Danoff, J.), all entered September 27, 2007, as, after a dispositional hearing, and upon a fact-finding order of the same court (Turbow, J.), dated March 31, 2004, made after a fact-finding hearing, finding that he had permanently neglected the subject children, in effect, terminated his parental rights and transferred custody and guardianship of the subject children to the petitioner and the New York City Administration for Children's Services for the purpose of adoption. The appeal brings up for review the fact-finding order dated March 31, 2004.

Ordered that the orders of disposition are affirmed insofar as appealed from, without costs or disbursements.

Contrary to the father's contention, the presentment agency established that it made diligent efforts to assist him in maintaining contact with his children and planning for their future (see Matter of Tynell S., 43 AD3d 1171, 1172 [2007]). These efforts included facilitating visitation, assisting the father in attempting to locate housing, referring him to family and individual counseling, and advising him that he must attend the visitation and therapy sessions (see Matter of Kayshawn Raheim E., 56 AD3d 471, 472 [2008], lv denied 12 NY3d 702 [2009] ). Despite these efforts, the father failed to maintain contact with the children and to plan for their future for a period of more than one year, from March 21, 2001 through March 22, 2002 (see Social Services Law § 384 [b] [7]; Matter of Star Leslie W., 63 NY2d 136, 142-143 [1984]; Matter of Hasson B., 219 AD2d 649, 650 [1995]). Following appropriate findings of permanent neglect as to each of the children, the Family Court properly determined that the termination of the father's parental rights as to the children, thus freeing them for adoption, was in their best interests (see Family Ct Act § 631; Matter of Joquan Jomaine-Anthony V., 39 AD3d 868, 869 [2007]). Dillon, J.P., Angiolillo, Leventhal and Chambers, JJ., concur.