■ In the Matter of ARTHUR C., an Infant. ST. DOMINIC'S HOME, Respondent; HERBERT C., Appellant, et al., Respondent. In the Matter of VIERGEMAINE OLGAR C., Also Known as OLGAR VIERGEMAINE C., OLGAR C. and OLGA C., an Infant. MERCYFIRST, Respondent; HERBERT C., Appellant, et al., Respondent. [887 NYS2d 679]—

In two related proceedings pursuant to Social Services Law § 384-b, inter alia, to terminate the parental rights of the father on the ground that he had abandoned his child, Arthur C., and had permanently neglected his child Viergemaine Olgar C., also known as Olgar Viergemaine C., also known as Olgar C., also known as Olga C., the father appeals, as limited by his brief, from (1) so much of an order of fact-finding and disposition of the Family Court, Kings County (Pearl, J.), dated February 7, 2008, as, after a fact-finding hearing, found that he abandoned Arthur C., terminated his parental rights as to that child, and committed that child to the custody and guardianship of the petitioner St. Dominic's Home and the Commissioner of Social Services of the City of New York, and (2) so much of an order of fact-finding and disposition of the same court dated May 20,

2008, as, after fact-finding and dispositional hearings, found that he permanently neglected Viergemaine Olgar C., also known as Olgar Viergemaine C., also known as Olgar C., also known as Olga C., terminated his parental rights as to that child, and committed that child to the custody and guardianship of the petitioner MercyFirst and the Commissioner of Social Services of the City of New York.

Ordered that the order of fact-finding and disposition dated February 7, 2008, is modified, on the law and the facts, by deleting the provisions thereof terminating the father's parental rights and transferring custody and guardianship of Arthur C. to the petitioner St. Dominic's Home and the Commissioner of Social Services of the City of New York for the purpose of adoption; as so modified, the order of fact-finding and disposition dated February 7, 2008, is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Family Court, Kings County, for a dispositional hearing in accordance herewith and a new disposition thereafter; and it is further,

Ordered that the order of fact-finding and disposition dated May 20, 2008, is affirmed insofar as appealed from, without costs or disbursements.

The Family Court properly determined that there was clear and convincing evidence that the father abandoned the child Arthur C. during the six-month period before the filing of the petition, in view of the total absence of contact between the father and the child during that period (*see* Social Services Law § 384-b [5] [a], [b]; *Matter of Jahmir Domevlo J.,* 8 AD3d 280, 280-281 [2004]; *Matter of Derrick J.,* 287 AD2d 503 [2001]). Moreover, St. Dominic's Home did not prevent or discourage contact between the father and the child (*see Matter of Derrick J.,* 287 AD2d at 503-504).

However, based on new facts and allegations, which this Court may properly consider (*see Matter of Michael B.,* 80 NY2d 299, 318 [1992]; *Matter of Antonette Alasha E.,* 8 AD3d 375, 376 [2004]), including that the child is 16 years old and does not have an adoption resource (*see* Domestic Relations Law § 111 [1] [a]), it is not clear that termination of the father's parental rights is in the child's best interests (*see Matter of Shakima Renee M.,* 43 AD3d 343, 344 [2007]; *Matter of Marc David D.,* 20 AD3d 565, 567 [2005]; *Matter of Miguel Angel Andrew R.,* 263 AD2d 354 [1999]). Accordingly, we remit the matter to the Family Court, Kings County, for a dispositional hearing to determine Arthur C.'s best interests and a new disposition thereafter.

The agency established as a threshold matter that it made diligent efforts to encourage and strengthen the parental relationship between the father and Viergemaine Olgar C., also known as Olgar Viergemaine C., also known as Olgar C., also known as Olga C. (hereinafter Viergemaine) (*see Matter of Star Leslie W.,* 63 NY2d 136, 142 [1984]; *Matter of Sheila G.,* 61 NY2d 368, 384-385 [1984]). These efforts included scheduling numerous visits between the father and the child, developing a service plan, providing the father with parenting skills classes, and advising the father as to how to obtain housing (*see Matter of Kayshawn Raheim E.,* 56 AD3d 471, 472 [2008]; *Matter of Avery Curtis Foster Joe D.,* 306 AD2d 276 [2003]). Despite these efforts, the father failed to plan for the return of the child by failing to take steps to acquire appropriate housing. Accordingly, the Family Court properly found that the father permanently neglected Viergemaine. Moreover, the evidence adduced at the dispositional hearing established that it would be in the best interests of Viergemaine to be freed for adoption by her foster parents (*see Matter of Marqekah Lillius B.,* 63 AD3d 1057, 1058 [2009]; *Matter of Star Leslie W.,* 63 NY2d 136, 147-148 [1984]; *Matter of Amy B.,* 37 AD3d 600, 601 [2007]; *Matter of Liam Francis P.,* 26 AD3d 385, 386 [2006]). Dillon, J.P., Florio, Belen and Roman, JJ., concur.