In the Matter of DANIEL A.G. ADMINISTRATION FOR CHILDREN'S SERVICES et al., Respondents; JOSE RICARDO G., Appellant, et al., Respondent. (Proceeding No. 1.) In the Matter of MARITZA C.G. ADMINISTRATION FOR CHILDREN'S SERVICES et al., Respondents; JOSE RICARDO G., Appellant, et al., Respondent. (Proceeding No. 2.) In the Matter of CAITLIN S.G. ADMINISTRATION FOR CHILDREN'S SERVICES et al., Respondents; JOSE RICARDO G., Appellant, et al., Respondent. (Proceeding No. 3.) In the Matter of "BABY GIRL" G., Also Known as STAR PETRONA G. ADMINSTRATION FOR CHILDREN'S SERVICES et al., Respondents; JOSE RICARDO G., Appellant, et al., Respondent. (Proceeding No. 4.) In the Matter of THALIA M.G. ADMINISTRATION FOR CHILDREN'S SERVICES et al., Respondents; JOSE RICARDO G., Appellant, et al., Respondent. (Proceeding No. 5.) [910 NYS2d 376]—

In related proceedings to terminate parental rights pursuant to Social Services Law § 384-b, the father appeals from so much of five orders of fact-finding and disposition (one as to each child) of the Family Court, Kings County (Grosvenor, J.), four dated July 16, 2009, and one dated September 16, 2009, as, after fact-finding and dispositional hearings, found that he had permanently neglected the children, terminated his parental rights, and transferred custody and guardianship of the children to St. Vincent's Services, Inc., and the Commissioner of Social Services of the City of New York for the purpose of adoption.

Ordered that the orders of fact-finding and disposition are affirmed insofar as appealed from, without costs or disbursements.

Contrary to the father's contention, the Family Court properly

found that St. Vincent's Services, Inc. (hereinafter the agency), exercised diligent efforts to strengthen his relationship with his children by, inter alia, scheduling weekly visits with the children and referring him to parenting and anger management classes (*see Matter of Star Leslie W.*, 63 NY2d 136, 142 [1984]; *Matter of Shamel H.*, 61 AD3d 685, 686 [2009]; *Matter of Tynell S.*, 43 AD3d 1171, 1172 [2007]; *Matter of Joquan Jomaine-Anthony V.*, 39 AD3d 868, 869 [2007]; *Matter of Amy B.*, 37 AD3d 600, 600-601 [2007]; *Matter of Jennifer R.*, 29 AD3d 1005 [2006]). Notwithstanding the agency's efforts, the father failed to plan for his children's future (*see* Social Services Law § 384-b [7] [c]). In addition, although the father attended the required classes, he never gained any insight into why he needed to attend the classes. Accordingly, the Family Court correctly found that the children were permanently neglected (*see Matter of Nathaniel T.*, 67 NY2d 838, 842 [1986]; *Matter of Tynell S.*, 43 AD3d at 1173; *Matter of Joquan Jomaine-Anthony V.*, 39 AD3d at 869; *Matter of Jennifer R.*, 29 AD3d at 1006-1007).

Additionally, the Family Court properly determined that the best interests of the children would be served by terminating the father's rights and freeing the children for adoption by their foster parent, with whom they had been living for many years (*see Matter of Tynell S.*, 43 AD3d at 1173; *Matter of Joquan Jomaine-Anthony V.*, 39 AD3d at 869).

The parties' remaining contentions either are without merit or need not be reached in light of our determination. Dillon, J.P., Angiolillo, Hall and Roman, JJ., concur.