■ In the Matter of HANNAN NICOLAS G. ST. VINCENT'S SERVICES, Respondent; JOSE G., Appellant, et al., Respondent. [910 NYS2d 377]—

In a proceeding to terminate parental rights pursuant to Social Services Law § 384-b, the father appeals from so much of an order of fact-finding and disposition of the Family Court, Kings County (Grosvenor, J.), dated February 25, 2010, as, after fact-finding and dispositional hearings, found that he had permanently neglected the child, terminated his parental rights, and transferred custody and guardianship of the child to St. Vincent's Services, Inc., and the Commissioner of Social Services of the City of New York for the purpose of adoption.

Ordered that the order of fact-finding and disposition is affirmed insofar as appealed from, without costs or disbursements.

Contrary to the father's contention, the Family Court properly found that St. Vincent's Services, Inc. (hereinafter the agency),

exercised diligent efforts to strengthen the relationship between father and child by, inter alia, scheduling weekly visits with the child and referring the father to parenting and anger management classes (*see Matter of Star Leslie W.*, 63 NY2d 136, 142 [1984]; *Matter of Shamel H.*, 61 AD3d 685, 686 [2009]; *Matter of Tynell S.*, 43 AD3d 1171, 1172 [2007]; *Matter of Joquan Jomaine-Anthony V.*, 39 AD3d 868, 869 [2007]; *Matter of Amy B.*, 37 AD3d 600, 600-601 [2007]; *Matter of Jennifer R.*, 29 AD3d 1005 [2006]). Notwithstanding the agency's efforts, the father failed to plan for his child's future (*see* Social Services Law § 384-b [7] [c]). In addition, although the father attended the required classes, he never gained any insight into why he needed to attend the classes. Accordingly, the Family Court correctly found that the child was permanently neglected (*see Matter of Nathaniel T.*, 67 NY2d 838, 842 [1986]; *Matter of Tynell S.*, 43 AD3d at 1173; *Matter of Joquan Jomaine-Anthony V.*, 39 AD3d at 869; *Matter of Jennifer R.*, 29 AD3d at 1006-1007).

Additionally, the Family Court properly determined that the best interests of the child would be served by terminating the father's rights and freeing the child for adoption by his foster parent, with whom he had been living for many years (*see Matter of Tynell S.*, 43 AD3d at 1173; *Matter of Joquan Jomaine-Anthony V.*, 39 AD3d at 869).

The parties' remaining contentions either are without merit or need not be reached in light of our determination. Dillon, J.P., Angiolillo, Hall and Roman, JJ., concur.