■ In the Matter of JOHN M. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; RAYMOND K., Appellant. [919 NYS2d 346]—

The Suffolk County Department of Social Services (hereinafter DSS) established by clear and convincing evidence that it made diligent efforts to encourage and strengthen the parental relationship by, among other things, scheduling visitation between the father and the subject child, providing referrals for substance abuse treatment programs, and warning the father of the consequences of noncompliance (*see* Social Services Law § 384-b [7] [f]; *Matter of Star Leslie W.*, 63 NY2d 136, 142 [1984]; *Matter of Austin C. [Alicia Y.]*, 77 AD3d 938 [2010]; *Matter of Deajah Shabri T.*, 44 AD3d 1060 [2007]).

The father missed approximately half of the scheduled visits, failed to participate in a substance abuse treatment program, and continued using illegal drugs. An agency that has exercised diligent efforts but is faced with an uncooperative parent is deemed to have fulfilled its statutory obligations (*see Matter of*

*Star Leslie W.*, 63 NY2d at 144; *Matter of Tynell S.*, 43 AD3d 1171 [2007]; *Matter of Kahori Emmanuel A.*, 287 AD2d 452 [2001]). Further, DSS established by clear and convincing evidence that the father permanently neglected the child by failing to plan for the child's future during the relevant statutory period, notwithstanding DSS's diligent efforts (*see generally Matter of Ariel Kadijah S. [Ryszard B.]*, 81 AD3d 835 [2d Dept 2011]).

After the finding of permanent neglect, the Family Court correctly determined that it was in the child's best interest to be freed for adoption. Angiolillo, J.P., Florio, Belen and Miller, JJ., concur.