■ In the Matter of BEYONCE H., an Infant. LITTLE FLOWER CHILDREN AND FAMILY SERVICES et al., Respondents; BÁRANACA H., Appellant. [927 NYS2d 121]—

In a proceeding pursuant to Social Services Law § 384-b to terminate parental rights on the ground of permanent neglect, the mother appeals from stated portions of an order of fact-finding and disposition of the Family Court, Kings County (Grosvenor, J.), dated April 27, 2010, which, after fact-finding and dispositional hearings, inter alia, found that she perma-

nently neglected the subject child, terminated her parental rights, and transferred custody and guardianship of the child to the Commissioner of Social Services of the City of New York and Little Flower Children and Family Services for the purpose of adoption.

Ordered that the order of fact-finding and disposition is affirmed insofar as appealed from, without costs or disbursements.

Contrary to the mother's contention, the Family Court properly found that she permanently neglected the subject child. The petitioner established by clear and convincing evidence that it made diligent efforts to assist the mother in maintaining contact with the child and planning for the child's future (*see Matter of Star Leslie W.*, 63 NY2d 136, 142 [1984]; *Matter of Sheila G.*, 61 NY2d 368, 373 [1984]). These efforts included facilitating visitation, repeatedly providing the mother with referrals for drug treatment programs and mental health evaluations, repeatedly advising the mother of the need for her to attend and complete such programs, and advising the mother on how to secure adequate housing for herself and the child (*see Matter of Teshana Tracey T. [Janet T.]*, 71 AD3d 1032, 1033 [2010]; *Matter of Arthur C.*, 66 AD3d 1009, 1011 [2009]; *Matter of Avery Curtis Foster Joe D.*, 306 AD2d 276, 278 [2003]). Despite these efforts, the mother failed to plan for the child's future by failing to complete the necessary programs and failing to take steps to acquire appropriate housing (*see* Social Services Law § 384-b [7] [c]). Accordingly, the Family Court correctly found that the child was permanently neglected (*see Matter of Hannan Nicolas G. [Jose G.]*, 78 AD3d 832, 832-833 [2010]; *Matter of Teshana Tracey T. [Janet T.]*, 71 AD3d at 1033; *Matter of Sorin P.*, 58 AD3d 743, 744 [2009]).

Moreover, based on the evidence adduced at the dispositional hearing, the Family Court properly determined that it was in the best interests of the child to terminate the mother's parental rights, thus freeing the child for adoption by her foster parents (*see Matter of Hannan Nicolas G. [Jose G.]*, 78 AD3d at 832-833; *Matter of Daniel A.G. [Jose Ricardo G.]*, 78 AD3d 831, 831-832 [2010]; *Matter of Teshana Tracey T. [Janet T.]*, 71 AD3d at 1033; *Matter of Arthur C.*, 66 AD3d at 1011).

Contrary to the mother's contention, she was afforded meaningful representation at the dispositional hearing (*see Matter of Alfred C.*, 237 AD2d 517 [1997]; *see generally People v Satterfield*, 66 NY2d 796, 799 [1985]).

The mother's remaining contentions are without merit. Dillon, J.P., Covello, Chambers and Roman, JJ., concur.