■ In the Matter of KEVIN L., an Infant. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; JOSE L.L., Appellant. [956 NYS2d 911]—

In a proceeding pursuant to Social Services Law § 384-b to terminate parental rights on the ground of permanent neglect, the father appeals from an order of fact-finding and disposition of the Family Court, Queens County (McGowan, J.), entered July 13, 2011, which, after fact-finding and dispositional hearings, found that he permanently neglected the subject child, terminated his parental rights, and transferred custody and guardianship of the child to the New York City Administration for Children's Services and the New York Foundling Hospital for the purpose of adoption.

Ordered that the order of fact-finding and disposition is affirmed, without costs or disbursements.

Contrary to the father's contention, the Family Court properly found that the New York Foundling Hospital (hereinafter the agency) exercised diligent efforts to strengthen his relationship with his child by, inter alia, facilitating visitation, developing a service plan, advising him that he needed to secure adequate housing, and offering housing referrals (*see Matter of Star Leslie W.*, 63 NY2d 136, 142 [1984]; *Matter of Michael A.B. [Richard A.B.]*, 98 AD3d 579 [2012]; *Matter of Daniel A.G. [Jose Ricardo G.]*, 78 AD3d 831 [2010]; *Matter of Teshana Tracey T. [Janet T.]*, 71 AD3d 1032 [2010]; *Matter of Arthur C.*, 66 AD3d 1009 [2009]). However, the father refused to accept the agency's assistance and did not acquire appropriate housing. An agency that has exercised diligent efforts but is faced with an uncooperative parent is deemed to have fulfilled its statutory obligations (*see Matter of Star Leslie W.*, 63 NY2d at 144; *Matter of Zechariah J. [Valrick J.]*, 84 AD3d 1087 [2011], *cert denied sub nom. Valrick J. v Orange County Dept. of Social Servs.*, 568 US —, 133 S Ct 239 [2012]; *Matter of John M. [Raymond K.]*, 82 AD3d 1100 [2011]). Thus, under these circumstances, the Family Court correctly found that, despite diligent efforts by the agency, the father failed to adequately plan for his child's future and, therefore, permanently neglected the child (*see* Social Services Law § 384-b [7] [c]; *Matter of Nathaniel T.*, 67 NY2d 838, 842 [1986]; *Matter of Shamel H.*, 61 AD3d 685 [2009]; *Matter of Tynell S.*, 43 AD3d 1171 [2007]).

Additionally, the Family Court properly determined that the best interests of the child would be served by terminating the father's parental rights and freeing the child for adoption by his foster parent, with whom he had been living for over three years, which was substantially all of his life (*see Matter of Hadiyyah J.M. [Fatima D.R.]*, 91 AD3d 874 [2012]; *Matter of Zechariah J. [Valrick J.]*, 84 AD3d 1087 [2011]; *Matter of Daevon Lamar P.*, 48 AD3d 469 [2008]). Mastro, J.P., Rivera, Dickerson and Lott, JJ., concur.