■ In the Matter of Luis A.M.C., an Infant. Suffolk County Department of Social Services, Respondent; Wendy M. et al., Appellants. [957 NYS2d 880]—

In two related proceedings pursuant to Social Services Law § 384-b to terminate parental rights on the ground of permanent neglect, the mother and the father separately appeal, as limited by their respective briefs, from so much of an order of fact-finding and disposition of the Family Court, Suffolk County (Budd, J.), dated August 18, 2011, as, after fact-finding and dispositional hearings, found that the mother and the father, respectively, permanently neglected the subject child, and upon their respective defaults in appearing at the dispositional hearing, terminated their respective parental rights, and transferred custody and guardianship of the child to the Suffolk County Department of Social Services for the purpose of adoption.

Ordered that the appeals from so much of the order of fact-finding and disposition as terminated the appellants' respective parental rights, and transferred custody and guardianship of the subject child to the Suffolk County Department of Social Services for the purpose of adoption are dismissed, without

costs or disbursements, as no appeal lies from a portion of an order entered on the default of the appealing party (*see* CPLR 5511; *Matter of Leavon Marvin B.*, 60 AD3d 941 [2009]; *Matter of T'Challaarkiesha Janette Jouslin R.-D.*, 25 AD3d 803 [2006]); and it is further,

Ordered that the order of fact-finding and disposition is affirmed insofar as reviewed, without costs or disbursements.

"To establish permanent neglect, there must be clear and convincing proof that, for a period of one year following the child's placement with an authorized agency, the parent failed to substantially and continuously maintain contact with the child or, alternatively, failed to plan for the future of the child, although physically and financially able to do so, notwithstanding the agency's diligent efforts to encourage and strengthen the parental relationship" (*Matter of Walter D.H. [Zaire L.]*, 91 AD3d 950, 951 [2012]; *see* Social Services Law § 384-b [7] [a]). " 'At a minimum, planning for the future of the child requires the parent to take steps to correct the conditions that led to the child's removal from the home' " (*Matter of Jonathan B. [Linda S.]*, 84 AD3d 1078, 1079 [2011], quoting *Matter of David O.C.*, 57 AD3d 775, 775-776 [2008]).

Here, the Family Court properly found that the mother and the father permanently neglected the subject child. The petitioner established by clear and convincing evidence that it made diligent efforts to assist the mother and the father in planning for the child's future by, among other things, repeatedly referring them to domestic violence counseling and therapy, and advising them that they must attend and complete the court-ordered programs, and that despite these efforts, the mother and the father failed to plan for the child's future (*see Matter of Temple S.M. [Tricia M.]*, 97 AD3d 681 [2012]; *Matter of Teshana Tracey T. [Janet T.]*, 71 AD3d 1032 [2010]; *Matter of Tynell S.*, 43 AD3d 1171, 1173 [2007]; *Matter of Joquan Jomaine-Anthony V.*, 39 AD3d 868 [2007]; *Matter of Jennifer R.*, 29 AD3d 1005 [2006]; *Matter of Justina Rose D.*, 28 AD3d 659 [2006]). Dillon, J.P., Balkin, Chambers and Hall, JJ., concur.