■ In the Matter of TARMARA F.J., Also Known as TAMARA J. NEW YORK FOUNDLING HOSPITAL, Respondent; JAINEEN J., Appellant. (Proceeding No. 1.) In the Matter of BENJAMIN W.J. NEW YORK FOUNDLING HOSPITAL, Respondent; JAINEEN J., Appellant. (Proceeding No. 2.) [969 NYS2d 119]—

In two related proceedings pursuant to Social Services Law § 384-b to terminate the mother's parental rights on the ground of permanent neglect, the mother appeals from two orders of fact-finding and disposition of the Family Court, Queens County (Salinitro, J.) (one as to each child), both dated February 3, 2012, which, after fact-finding and dispositional hearings, found that she permanently neglected the subject children, terminated her parental rights, and transferred guardianship and custody of the children to the New York Foundling Hospital for the purpose of adoption.

Ordered that the orders of fact-finding and disposition are affirmed, without costs or disbursements.

The petitioner agency established by clear and convincing evidence that it made diligent efforts to encourage and strengthen the relationship between the mother and the subject children by meeting with the mother to review her service plan, discussing the importance of compliance, providing referrals for drug testing and housing, and scheduling visitation between the mother and the subject children (*see Matter of Star Leslie W.*, 63 NY2d 136, 142 [1984]; *Matter of Beyonce H. [Baranaca H.]*, 85 AD3d

1168, 1169 [2011]; *Matter of John M. [Raymond K.]*, 82 AD3d 1100 [2011]). Despite these efforts, the mother failed to plan for the future of the children (*see* Social Services Law § 384-b [7] [c]; *Matter of Beyonce H. [Baranaca H.]*, 85 AD3d 1168, 1169 [2011]; *Matter of John M. [Raymond K.]*, 82 AD3d at 1100). The mother's partial compliance with the service plan was insufficient to preclude a finding of permanent neglect (*see Matter of "Female" C.*, 55 AD3d 603, 604 [2008]; *Matter of Robert David L.*, 7 AD3d 529, 530 [2004]; *Matter of Shane Anthony P.*, 307 AD2d 297 [2003]). Furthermore, the Family Court correctly determined that it would be in the children's best interests to terminate the mother's parental rights and free the children for adoption (*see Matter of Daevon Lamar P.*, 48 AD3d 469, 470 [2008]; *Matter of Tynell S.*, 43 AD3d 1171, 1173 [2007]). Rivera, J.P., Skelos, Chambers and Austin, JJ., concur.