██ In the Matter of KWAME M., Respondent, v JENNIFER A., Appellant. [997 NYS2d 637]—

Appeal from an order of the Family Court, Queens County (Margaret P. McGowan, J.), dated May 1, 2013. The order dismissed, without a hearing, the putative father's petition for an order of filiation.

Ordered that the appeal is dismissed, without costs or disbursements.

The putative father commenced this proceeding, requesting that genetic testing be performed to determine whether he was the biological father of the subject child. Over objection by the putative father and the mother, the Family Court dismissed the putative father's petition without a hearing. The mother appeals.

Following the dismissal of the putative father's petition, the mother's parental rights were terminated in a related termination proceeding, and we are affirming the order of fact-finding and disposition entered in that proceeding (*see Matter of Davina R.M.R.L. [Jennifer A.]*, 123 AD3d 1126 [2014] [decided herewith]). The termination of the mother's parental rights denies her "physical custody, as well as the rights ever to visit, communicate with, or regain custody of the child" (*Santosky v Kramer*, 455 US 745, 749 [1982]). Under these circumstances, any modification of the order dismissing the putative father's petition for an order of filiation would have no practical effect on the mother's rights. Accordingly, her appeal from that order must be dismissed as academic (*see Matter of Stephen Daniel A. [Sandra M.]*, 122 AD3d 836 [2014]; *Matter of Ernest Y. v Orange County Dept. of Social Servs.*, 9 AD3d 411 [2004]). Eng, P.J., Mastro, Roman and Miller, JJ., concur.