In the Matter of Davina R.M.R.L. Forestdale, Inc., et al., Respondents; Jennifer A., Appellant. [999 NYS2d 188]—

Appeal from an order of fact-finding and disposition of the Family Court, Queens County (Margaret P. McGowan, J.), dated November 12, 2013. The order, after fact-finding and dispositional hearings, found that the mother permanently neglected the subject child, terminated her parental rights, and transferred custody and guardianship of the child to Forestdale, Inc., and the Commissioner of the Administration for Children's Services of the City of New York for the purpose of adoption.

Ordered that the order of fact-finding and disposition is affirmed, without costs or disbursements.

The Family Court properly found that the mother permanently neglected the subject child (see Social Services Law § 384-b [7] [a]). Contrary to the mother's contention, the petitioner Forestdale, Inc., established by clear and convincing evidence that it made diligent efforts to assist the mother in maintaining contact with the child and planning for the child's future (see Matter of Star Leslie W., 63 NY2d 136, 142 [1984]; Matter of Sheila G., 61 NY2d 368, 373 [1984]). These efforts included scheduling and facilitating visitation, developing a service plan, making referrals for mental health evaluation and treatment programs, making referrals for parenting skills and anger management classes, advising the mother as to how to obtain housing and a source of income, encouraging the mother to comply with the service plan, and warning the mother of the consequences of noncompliance (see Social Services Law § 384-b [7] [f]; Matter of Star Leslie W., 63 NY2d at 142-143; Matter of Beyonce H. [Baranaca H.], 85 AD3d 1168 [2011]; Matter of Hannan Nicolas G. [Jose G.], 78 AD3d 832 [2010]; Matter of Arthur C., 66 AD3d 1009 [2009]). Despite these efforts, the mother failed to plan for the child's future by failing to complete the necessary programs and by failing to take steps to secure appropriate housing or a source of income (see Social Services Law § 384-b [7] [c]; Matter of Beyonce H. [Baranaca H.], 85 AD3d 1168 [2011]). To the extent that the mother did attend any parenting or anger management classes, she never gained insight as to why she needed to attend those classes (see Matter of Hannan Nicolas G. [Jose G.], 78 AD3d at 833; Matter of Daniel A.G. [Jose Ricardo G.], 78 AD3d 831, 831-832 [2010]). Accordingly, the Family Court correctly found that the child was permanently neglected (see Matter of Beyonce H. [Baranaca H.], 85 AD3d 1168 [2011]; Matter of Hannan Nicolas G. [Jose G.], 78 AD3d 832 [2010]).

Moreover, based on the evidence adduced at the dispositional hearing, the Family Court properly determined that the best interests of the child would be served by terminating the mother's parental rights and freeing the child for adoption by her foster parent, with whom she had been residing since birth (*see Matter of Daniel A.G. [Jose Ricardo G.]*, 78 AD3d at 831-832). Contrary to the mother's contention, the entry of a suspended judgment was not appropriate under the circumstances of this case (*see Matter of Anthony R. [Juliann A.]*, 90 AD3d 1055 [2011]; *Matter of Zechariah J. [Valrick J.]*, 84 AD3d 1087 [2011]). Eng, P.J., Mastro, Roman and Miller, JJ., concur.