■ In the Matter of JOSIAH I.C., Also Known as JOSIAH C. NEW YORK FOUNDLING HOSPITAL, Respondent; ZIGGY C., Appellant, et al., Respondent. [34 NYS3d 896]—

Appeal from an order of disposition of the Family Court, Kings County (Ilana Gruebel, J.), dated November 19, 2014. The order, insofar as appealed from, after a dispositional hearing, terminated the father's parental rights to the subject child and freed the child for adoption by his foster parent. The appeal from the order of disposition brings up for review a finding of that court (Michael Ambrosio, J.), made after a fact-finding hearing, that the father permanently neglected the subject child.

Ordered that the order of disposition is affirmed insofar as appealed from, without costs or disbursements.

Within 10 days after the birth of the subject child, the Administration for Children's Services filed a neglect petition against the parents and placed the child in nonkinship foster care. The child has continuously resided with the nonkinship foster parent with whom he was originally placed. As relevant to this appeal, a petition was filed pursuant to Social Services Law § 384-b to terminate the father's parental rights to the child on the ground of permanent neglect. On April 27, 2011, at the conclusion of a fact-finding hearing, the Family Court found that the father permanently neglected the child. In an order of disposition dated November 19, 2014, the court terminated the father's parental rights and freed the child for adoption by his foster parent. The father appeals.

Contrary to the father's contention, the Family Court properly found, based upon clear and convincing evidence, that the petitioning agency made diligent efforts to encourage and strengthen the parental relationship (*see* Social Services Law § 384-b [7] [a]; *Matter of Jeremy J.M. [Brandy T.]*, 118 AD3d 796 [2014]; *Matter of Kira J. [Lakisha J.]*, 108 AD3d 541

[2013]), and that despite the agency's diligent efforts, the father failed to adequately plan for the child's future (*see* Social Services Law § 384-b [7] [c]; *Matter of Davina R.M.R.L. [Jennifer A.]*, 123 AD3d 1126 [2014]; *Matter of Kira J. [Lakisha J.]*, 108 AD3d 541 [2013]; *Matter of Shamika K.L.N. [Melvin S.L.]*, 101 AD3d 729, 731 [2012]).

The evidence adduced at the dispositional hearing established that termination of the father's parental rights was in the best interests of the child (*see Matter of Anastasia R. [Jessica R.]*, 133 AD3d 605 [2015]). Contrary to the father's contention, under the circumstances here, the entry of a suspended judgment would not have been in the child's best interests (*see Matter of Kayla S.-G. [David G.]*, 125 AD3d 980, 981 [2015]; *Matter of Amber D.C. [Angelica C.]*, 79 AD3d 865, 866 [2010]).

The father's remaining contention is without merit.

Accordingly, the Family Court properly terminated the father's parental rights and freed the child for adoption by his foster parent. Balkin, J.P., Miller, Hinds-Radix and Brathwaite Nelson, JJ., concur.