Matter of Anthony D. (Yonas S.) (2018 NY Slip Op 01603)





Matter of Anthony D. (Yonas S.)


2018 NY Slip Op 01603


Decided on March 14, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 14, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
SHERI S. ROMAN
ANGELA G. IANNACCI, JJ.


2016-01916
 (Docket No. B-6339-13)

[*1]In the Matter of Anthony D. (Anonymous). SCO Family of Services, respondent; Yonas S. (Anonymous), appellant.


Michael A. Fiechter, Bellmore, NY, for appellant.
Leventhal, Mullaney & Blinkoff, LLP, Roslyn, NY (Jeffrey Blinkoff of counsel), for respondent.
Stewart Altman, Mineola, NY, attorney for the child.



DECISION & ORDER
Appeal from an order of fact-finding and disposition of the Family Court, Queens County (Mary R. O'Donoghue, J.), dated January 4, 2016. The order, after a hearing, determined that the father permanently neglected the subject child, terminated the father's parental rights, and transferred guardianship and custody of the child to the petitioner for the purpose of adoption.
ORDERED that the order of fact-finding and disposition is affirmed, without costs or disbursements.
In this proceeding pursuant to Social Services Law § 384-b and Family Court Act article 6 to terminate parental rights on the ground of permanent neglect, the father appeals from an order of fact-finding and disposition, which found that he permanently neglected the subject child, terminated his parental rights, and transferred custody and guardianship of the child to the petitioner for the purpose of adoption.
Contrary to the father's contention, the petitioner established, by clear and convincing evidence, that it made diligent efforts to encourage and strengthen his relationship with the subject child, which efforts were specifically tailored to the father's individual situation (see Social Services Law § 384-b[3][g][i]; [4][d]; [7][a]; Matter of Hailey ZZ. [Ricky ZZ.], 19 NY3d 422, 429; Matter of Sheila G., 61 NY2d 368, 380-381; Matter of Christopher S. [Eliabeth S.],155 AD3d 630, 632; Matter of Shaquanna D.M. [Shaquanna M.], 150 AD3d 1119, 1119). These efforts included making referrals to mental health, parenting, and housing services, encouraging the father's compliance with the programs, and facilitating visitation (see Social Services Law § 384-b[7][f]; Matter of Star Leslie W., 63 NY2d 136, 142; Matter of Hailey ZZ. [Ricky ZZ.], 19 NY3d at 429). Despite these efforts, the father failed to plan for the return of the child by failing, among other things, to take steps to acquire appropriate housing (see Matter of Davina R.M.R.L. [Jennifer A.], 123 AD3d 1126; Matter of Kevin L. [Jose L.L.], 102 AD3d 695, 696; Matter of Arthur C., 66 AD3d 1009, 1011). There was [*2]clear and convincing evidence of the father's permanent neglect of the child (see Social Services Law § 384-b[3][g]).
Moreover, the Family Court properly determined that termination of the father's parental rights, rather than the entry of a suspended judgment, was in the child's best interests (see Family Ct Act § 631; Matter of Hector V.P. [Mariand V.], 146 AD3d 889, 890; Matter of Chanel C. [Nanessa N.], 118 AD3d 826, 828-829).
The father's remaining contentions are without merit.
RIVERA, J.P., CHAMBERS, ROMAN and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court