Matter of Jaaliyah M. R. E. (Jennifer A.) (2020 NY Slip Op 06257)





Matter of Jaaliyah M. R. E. (Jennifer A.)


2020 NY Slip Op 06257


Decided on November 4, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 4, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2019-05680
 (Docket No. B-12984-14)

[*1]In the Matter of Jaaliyah M. R. E. (Anonymous). Forestdale, Inc., respondent; Jennifer A. (Anonymous), appellant.


John C. Macklin, New Hyde Park, NY, for appellant.
Rosen Steinhagen Mendel, PLLC, New York, NY (Melissa C. Wagshul of counsel), for respondent.
Janet E. Sabel, New York, NY (Dawne A. Mitchell and Marcia Egger of counsel), attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Social Services Law § 384-b, the mother appeals from an order of fact-finding and disposition of the Family Court, Queens County (Emily Ruben, J.), dated December 31, 2018. The order of fact-finding and disposition, after fact-finding and dispositional hearings, found that the mother permanently neglected the subject child, terminated the mother's parental rights, and transferred guardianship and custody of the child to the petitioner and the Commissioner of the Administration for Children's Services of the City of New York for the purpose of adoption.
ORDERED that the order of fact-finding and disposition is affirmed, without costs or disbursements.
The subject child entered foster care on April 20, 2012, shortly after birth. By petition filed on July 14, 2014, and amended petition filed on April 28, 2016, the petitioner, pursuant to Social Services Law § 384-b, asserted that the mother permanently neglected the child and sought termination of the mother's parental rights. After fact-finding and dispositional hearings, the Family Court found that the mother permanently neglected the child, terminated the mother's parental rights, and transferred guardianship and custody of the child to the petitioner and the Commissioner of the Administration for Children's Services of the City of New York for the purpose of adoption. The mother appeals.
Clear and convincing evidence supports the Family Court's finding that the mother permanently neglected the child, in that, for a period of more than one year following the child's placement into foster care, the mother failed to plan for the child's future despite the agency's diligent efforts to strengthen and encourage the parental relationship (see Social Services Law § 384-b[7][a]).
The Family Court's finding that the petitioner demonstrated diligent efforts to assist, develop, and encourage a meaningful relationship between the mother and the child is supported by clear and convincing evidence establishing that a service plan related to the child's siblings was continued when the child entered foster care and, in that regard, the petitioner made referrals and encouraged the mother to attend parenting skills classes, mental health services, anger management classes, and domestic violence counseling, provided for regular parental access and case work [*2]contact, and made efforts to help the mother find appropriate housing and employment (see Social Services Law § 384-b[7]; Matter of Star Leslie W., 63 NY2d 136, 142; Matter of Jayda M.L. [Diane L.], 182 AD3d 601, 602; Matter of Davina R.M.R.L. [Jennifer A.], 123 AD3d 1126, 1127). Moreover, clear and convincing evidence supports the court's finding that despite the petitioner's diligent efforts, the mother failed to plan for the future of the child for at least one year following the date the child entered foster care, as the mother, inter alia, failed to complete the necessary programs and failed to take steps to secure appropriate housing (see Social Services Law § 384-b[7]; Matter of Davina R.M.R.L. [Jennifer A.], 123 AD3d at 1127). To the extent that the mother did attend therapy and any parenting or anger management classes, she failed to benefit from those services (see Matter of Tymel P. [Tyrone P.], 157 AD3d 699, 700; Matter of Davina R.M.R.L. [Jennifer A.], 123 AD3d at 1127).
Based on the evidence adduced at the dispositional hearing, we agree with the Family Court's determination that the best interests of the child would be served by terminating the mother's parental rights and freeing the child for adoption by her foster parent, with whom the child had been living since she was days old (see Matter of Davina R.M.R.L. [Jennifer A.], 123 AD3d at 1128). Contrary to the mother's contention, a suspended judgment was not appropriate under the circumstances presented (see Matter of Jayda M.L. [Diane L.], 182 AD3d at 602; Matter of Amina I.M.J. [Chantilly M.J.], 176 AD3d 938, 940).
The mother's remaining contentions are without merit.
SCHEINKMAN, P.J., LASALLE, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court