■ In the Matter of SYKIA MONIQUE G., Also Known as SYKIA G., Appellant. DARREN J., Respondent. [616 NYS2d 809] — In a proceeding pursuant to Social Services Law § 384-b to terminate parental rights of the natural father, the petitioner Little Flower Children's Services appeals from an order of the Family Court, Kings County (Burstein, J.), dated September 22, 1993, which dismissed the petition.

Ordered that the order is affirmed, without costs or disbursements.

Sykia G., the subject child in this termination of parental rights proceeding, was born on December 4, 1985. In November 1987 when Sykia was less than two years old, the Commissioner of Social Services removed Sykia from her mother's

care because of her mother's drug use, and placed the child with her maternal aunt. Sykia has remained in her maternal aunt's home since her initial placement over six years ago, and Sykia's mother has voluntarily surrendered her parental rights to the child.

In 1988, the respondent Darren J. filed a paternity petition in the Family Court, Kings County, seeking to be legally adjudicated Sykia's father. An order of filiation was subsequently entered, and Darren J. was awarded weekend visitation with the child. Over the next two year period, Darren J.'s mother regularly brought Sykia to her home on Friday evenings, and returned the child to the care of her maternal aunt on Sundays. Darren J. either visited the child at his mother's home, or spoke to Sykia on the telephone. Although the paternal grandmother was not permitted full weekend visitation with the child after Little Flower Children's Services became the supervising agency in September 1990 she continued to take Sykia to her home on Sundays.

In the fall 1987, Darren J. entered podiatry school, and he completed his studies in 1991. Darren J. then commenced a residency program in July 1991 which required him to be at the hospital at least five days per week, and to work some weekends. In addition, he was "on call" seven days per week. However, Darren J. claims that he continued to visit Sykia at his mother's home "whenever" he could, and that he telephoned his daughter when unable to visit.

While Darren J. was involved in his residency program, the agency caseworker assigned to Sykia's case made repeated efforts to contact him between September 1990 and April 1991. After contacting the father in April 1991 the caseworker met with him and informed him of the need to maintain biweekly visitation with Sykia at her foster home, attend a parenting skills program, and remain in touch with the agency. After several more conversations and one more meeting during the period between May 1991 to August 11, 1991, the caseworker had no further contact with Darren J.

In May 1992 the agency commenced the instant termination proceeding against Darren J., alleging that he had permanently neglected his daughter. At the conclusion of a fact-finding hearing, the Family Court dismissed the petition, concluding that the agency had failed to exercise diligent efforts to reunite Darren J. with Sykia. We agree, and now affirm.

The threshold inquiry by the court in any permanent ne-

glect proceeding must be whether the agency exercised diligent efforts to strengthen the parental relationship *(see, Matter of Star Leslie W.,* 63 NY2d 136, 142; *Matter of Sheila G.,* 61 NY2d 368, 373)*. In this regard, Social Services Law § 384-b (7) (f) (3) provides that diligent efforts by an agency shall include "provision of services and other assistance to the parents * * * so that problems preventing the discharge of the child from care may be resolved or ameliorated". Moreover, an agency is required to " 'mold its efforts in the context of and in recognition of a parent's individual situation' " *(Matter of Sonia H.,* 177 AD2d 575, 577; *Matter of Anita "PP",* 65 AD2d 18, 22). At bar, while the record indicates that the agency offered the father a referral to a parenting skills program, and encouraged him to visit the child on a regular basis at her foster home, it is clear that the primary obstacle which prevented Darren J. from assuming full custody of Sykia was his involvement in a demanding medical residency program, which left him insufficient time to be her primary caretaker on a day-to-day basis. Accordingly, the agency should have made meaningful efforts to assist the father in planning a feasible alternative to continued foster care, such as referring him to appropriate day care or after-school programs, or exploring his suggestion that Sykia be placed in the care of her paternal grandmother until he completed his residency *(cf., Matter of Albert T.,* 188 AD2d 934; *Matter of LeBron,* 140 AD2d 276). Since the agency did not make such efforts, we find that the Family Court properly concluded that the agency failed to exercise diligent efforts to reunite Sykia with her father.

We have examined the agency's remaining contentions, and find that they are without merit. Lawrence, J. P., Pizzuto, Friedmann and Krausman, JJ., concur.