■ In the Matter of JOY CYNLINDA C. ST. CHRISTOPHER-JENNIE CLARKSON CHILD CARE SERVICES, Respondent; OLIVIA C., Appellant. [663 NYS2d 249] —In a proceeding pursuant to Social Services Law § 384-b, *inter alia,* to terminate parental rights, the mother appeals, as limited by her brief, from so much of a dispositional order of the Family Court, Kings County (Pearce, J.), dated June 21, 1996, as, upon a fact-finding order of the same date, made after a hearing, and upon the court dispensing with a dispositional hearing, found that she was mentally ill as defined by Social Services Law § 384-b and would be so for the foreseeable future, and that by reason thereof she was unable to care for her child, terminated her parental rights, and committed the custody and guardianship of the child to both St. Christopher's-Jennie Clarkson Child Care Services and the Commissioner of Social Services of the City of New York.

Ordered that the order is reversed insofar as appealed from, on the law, without costs or disbursements, the fact-finding order dated June 21, 1996, is vacated, and the matter is remitted to Family Court, Kings County, for further proceedings in accordance herewith.

It was an abuse of discretion to deny the mother's request for a continuance to produce the testimony of her treating physician who was not in court because the hearing progressed

more quickly than anticipated by her counsel. Under the circumstances here presented, where the statute affords the mother the absolute right to present medical evidence (see, Social Services Law § 384-b [6] [e]) and where the issue was the termination of her parental rights, the court's denial of a continuance was error (see, People v Foy, 32 NY2d 473).

In light of our holding that the mother was denied the right to present her full case upon these proceedings, the matter must be remitted to the Family Court, Kings County, and the hearing reopened for the taking of further evidence and for the court to make new findings of fact based upon the record as so expanded or, in the court's discretion, for a de novo hearing. O'Brien, J. P., Thompson, Santucci and Joy, JJ., concur.