■ In the Matter of JOSEPH ALBERT R. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; JOSEPH R., Appellant. (Proceeding No. 1.) In the Matter of JOSHUA R. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; JOSEPH R., Appellant. (Proceeding No. 2.) [768 NYS2d 491]—

In two related proceedings pursuant to Social Services Law § 384-b to terminate parental rights on the ground of permanent neglect, the father appeals from an order of fact-finding and disposition of the Family Court, Suffolk County (Blass, J.), entered October 22, 2001, which, after fact-finding and dispositional hearings, terminated his parental rights to both children on the grounds of permanent neglect and transferred custody and guardianship rights of both children to the Suffolk County Department of Social Services for the purpose of adoption.

Ordered that the order of fact-finding and disposition is reversed, on the law, without costs and disbursements, the petitions are denied, and the proceedings are dismissed.

In proceedings to terminate parental rights based on permanent neglect, the agency must establish as a threshold matter that it made diligent efforts to encourage and strengthen the parental relationship (*see Matter of Sheila G.,* 61 NY2d 368 [1984]). The diligent efforts must include reasonable attempts at providing counseling, scheduling regular visitation with the child, providing services to the parents to overcome problems which prevent the discharge of the child into their care, and ᷤᷤrming the parents of their child's progress (*see* Social Ser-

vices Law § 384-b [7] [f]; *Matter of Jamie M.,* 63 NY2d 388 [1984]). Here, the record demonstrates that the petitioner failed to meet its initial burden of establishing by clear and convincing evidence that it exercised diligent efforts to strengthen the parental relationship (*see* Social Services Law § 384-b [7] [a], [f]). The evidence adduced at the fact-finding hearing showed that the petitioner, although scheduling regular visitation and reminding the father what he needed to do in order to ensure the return of his children, failed to refer the father to services designed to address his respective needs regarding housing, employment, and parenting skills. Under these circumstances, the Family Court should have denied the petitions and dismissed the proceedings.

Further, the Family Court erred in failing to grant the father a continuance in order to allow him to present a witness establishing which services the petitioner failed to assist him in obtaining (*see Matter of Joy Cynlinda C.,* 243 AD2d 631 [1997]).

The parties' remaining contentions either are without merit or academic in light of our determination. Ritter, J.P., Florio, Friedmann and H. Miller, JJ., concur.