■ In the Matter of MARC DAVID D., an Infant. ST. VINCENT'S SERVICES, INC., Respondent; GINETTE P., Appellant, et al., Respondent. (Proceeding No. 1.) In the Matter of TANISHA LOVINIA D., an Infant. ST. VINCENT'S SERVICES, INC., Respondent; GINETTE P., Appellant, et al., Respondent. (Proceeding No. 2.) In the Matter of ASHLEY D., an Infant. ST. VINCENT'S SERVICES, INC., Respondent; GINETTE P., Appellant, et al., Respondent. (Proceeding No. 3.) In the Matter of ELIJAH PIERRE D., an Infant. ST. VINCENT'S SERVICES, INC., Respondent; GINETTE P., Appellant, et al., Respondent. (Proceeding No. 4.) In the Matter of SAMUEL D., an Infant. ST. VINCENT'S SERVICES, INC., Respondent; GINETTE P., Appellant, et al., Respondent. (Proceeding No. 5.) In the Matter of SHAMINIQUE IRIS P., an Infant. ST. VINCENT'S SERVICES, INC., Respondent; GINETTE P., Appellant, et al., Respondent. (Proceeding No. 6.) [799 NYS2d 552]—

In related proceedings pursuant to Social Services Law § 384-b to terminate parental rights on the ground of permanent neglect, the mother appeals, as limited by her brief, from so much of six orders of fact-finding and disposition (one as to each child) of the Family Court, Kings County (Staton, J.), all dated June 25, 2004, as, after fact-finding and dispositional hearings, inter alia, found that she had permanently neglected the children, terminated her parental rights, and transferred custody and guardianship of the children to St. Vincent's Services, Inc., and the Commissioner of Social Services of the City of New York for the purpose of adoption.

Ordered that the orders of fact-finding and disposition concerning the children Tanisha Lovinia and Shaminique Iris are modified, on the law and the facts, by deleting the provision thereof terminating the mother's parental rights with respect to those children and transferring custody and guardianship of those children to St. Vincent's Services, Inc., and the Commissioner of Social Services of the City of New York for the purpose of adoption; as so modified, those two orders are affirmed insofar as appealed from, without costs or disbursements, the findings of permanent neglect remain in effect as to those children, and the proceedings concerning those children are remitted to the Family Court, Kings County, for a dispositional hearing in accordance herewith; and it is further,

Ordered that the orders of fact-finding and disposition concerning the children Marc David, Ashley, Elijah Pierre, and Samuel are affirmed insofar as appealed from, without costs or disbursements.

The petitioner, St. Vincent's Services, Inc. (hereinafter St. Vincent's), established as a threshold matter that it made diligent efforts to encourage and strengthen the parental relationship between the mother and the children (*see Matter of Joseph Albert R.*, 2 AD3d 528 [2003]). St. Vincent's established that it referred the appellant to individual and domestic violence counseling, that it scheduled regular visits between the appellant and the children, that it provided services to overcome problems preventing the discharge of the children into the appellant's care, including referrals to parenting skills classes, and that it informed the appellant of the children's progress (*see* Social Services Law § 384-b [7] [f]; *Matter of Joseph Albert R., supra* at 528). Moreover, St. Vincent's exerted reasonable and diligent efforts to assist the appellant in overcoming the primary obstacle to the discharge of the children into her care. St. Vincent's repeatedly advised the appellant that she must cease her relationship with Marc D., who was the father of five of the children, who had sexually abused the other child, and who physically abused the appellant in front of the children, unless he participated in the required services, or that she must ensure that Marc D. had no contact with the children (*see* Social Services Law § 384-b [7] [f]; *Matter of Joseph Albert R., supra* at 528-529; *Matter of Joshua J.*, 196 AD2d 719 [1993] [agency exercised diligent efforts in repeatedly advising appellant her drug addiction was the major obstacle preventing reunification, necessitating completion of drug rehabilitation program]; *cf. Matter of Sykia Monique G.*, 208 AD2d 535, 537 [1994] [agency failed to address primary obstacle which prevented father from

assuming custody of child]). Thus, St. Vincent's complied with its duty despite the fact that the appellant was uncooperative in correcting the condition which had resulted in the children's removal from trial discharge placement in her home (*see Matter of Star Leslie W.*, 63 NY2d 136, 144 [1984]; *Matter of Anthony Christopher G.*, 18 AD3d 469 [2005]).

Following a finding of permanent neglect as to all of the children, the Family Court properly concluded that the termination of the appellant's parental rights as to Marc David, Ashley, Elijah Pierre, and Samuel was in their best interests, thus freeing them for adoption (*see* Family Ct Act § 631; *Matter of Star Leslie W., supra* at 147-148). With regard to Tanisha Lovinia and Shaminique Iris, however, based on new facts and allegations, which this Court may properly consider (*see Matter of Michael B.*, 80 NY2d 299, 318 [1992]; *Matter of Antonette Alasha E.*, 8 AD3d 375 [2004]), including the facts that the children are both over 14 years old, their circumstances have changed, and they refuse to be adopted (*see* Domestic Relations Law § 111 [1] [a]), it is not clear that the termination of the appellant's parental rights is in their best interests (*see Matter of Dominique A.W.*, 17 AD3d 1038 [2005]; *Matter of Amber AA.*, 301 AD2d 694, 697-698 [2003]; *Matter of Miguel Angel Andrew R.*, 263 AD2d 354 [1999]). Accordingly, the proceedings concerning Tanisha Lovinia and Shaminique Iris must be remitted to the Family Court, Kings County, for a dispositional hearing to determine the best interests as to those children. Schmidt, J.P., S. Miller, Mastro and Rivera, JJ., concur.