■ In the Matter of LONDEL CHAVIS C. LAKESIDE FAMILY AND CHILDREN'S SERVICES, Respondent; VINCENT C., Appellant, et al., Respondents. In the Matter of SHARETTA LIZZETTE C. LAKESIDE FAMILY AND CHILDREN'S SERVICES, Respondent; VINCENT C., Appellant, et al., Respondents. [839 NYS2d 505]—

In two related proceedings pursuant to Social Services Law § 384-b, inter alia, to terminate the father's parental rights on

the ground of permanent neglect, the father appeals, as limited by his brief, from so much of two orders of fact-finding and disposition (one as to each child) of the Family Court, Queens County (Richardson, J.), both dated February 23, 2006, as, after fact-finding and dispositional hearings, found that he had permanently neglected the subject children, terminated his parental rights, and transferred guardianship and custody of the subject children to the petitioner and the Commissioner of Social Services of the City of New York for the purpose of adoption.

Ordered that the order of fact-finding and disposition concerning the child Sharetta Lizzette C. is modified, on the law and the facts, by deleting the provision thereof terminating the father's parental rights and transferring guardianship and custody of Sharetta Lizzette C. to the petitioner and the Commissioner of Social Services of the City of New York for the purpose of adoption; as so modified, the order of fact-finding and disposition concerning the child Sharetta Lizzette C. is affirmed insofar as appealed from, without costs or disbursements, the finding of permanent neglect remains in effect as to that child, and the proceeding concerning that child is remitted to the Family Court, Queens County, for a new dispositional hearing and a new disposition thereafter in accordance herewith; and it is further,

Ordered that the order of fact-finding and disposition concerning the child Londel Chavis C. is affirmed insofar as appealed from, without costs or disbursements.

Contrary to the father's contention, the Family Court properly found that he had permanently neglected the subject children, Sharetta Lizzette C. and Londel Chavis C., who had been in the care of the petitioner, Lakeside Family and Children's Services (hereinafter Lakeside), since February 2000. Lakeside established, by clear and convincing evidence, that during the relevant time period, it had fulfilled its duty to exercise diligent efforts to strengthen and encourage the relationship between the father and the children (see Matter of Star Leslie W., 63 NY2d 136, 142 [1984]; Matter of Sheila G., 61 NY2d 368, 383 [1984]) and that, despite these efforts, the father failed to plan for the children's future (see Matter of Jamie M., 63 NY2d 388, 393 [1984]; Matter of Crystal Marie D., 292 AD2d 382 [2002]; Matter of Vincent M., 255 AD2d 515 [1998]).

Following a finding of permanent neglect as to both children, the Family Court properly determined that the termination of the father's parental rights as to Londel Chavis C. was in that child's best interests, and thus, the court properly freed that

child for adoption (*see* Family Ct Act § 631; *Matter of Jonathan R.*, 30 AD3d 426, 427 [2006]; *Matter of Jennifer R.*, 29 AD3d 1005, 1007 [2006]). However, on the basis of new facts and allegations with regard to Sharetta Lizzette C., which this Court may properly consider (*see Matter of Michael B.*, 80 NY2d 299, 318 [1992]; *Matter of Marc David D.*, 20 AD3d 565, 567 [2005]), including that she now adamantly refuses to be adopted and her permanency goal has changed to assisted independent living, the proceeding concerning Sharetta Lizzette C. must be remitted to the Family Court, Queens County, for a new dispositional hearing to determine her best interests (*see Matter of Marc David D., supra*) and for a new disposition thereafter. Prudenti, P.J., Santucci, Covello and Carni, JJ., concur.