■ In the Matter of "FEMALE" C., Also Known as MIRANDA C. ADMINISTRATION FOR CHILDREN'S SERVICES et al., Respondents; LISA C., Appellant, et al., Respondent. (Proceeding No. 1.) In the Matter of ALEXIS LINETTE R. ADMINISTRATION FOR CHILDREN'S SERVICES et al., Respondents; LISA C., Appellant, et al., Respondent. (Proceeding No. 2.) [866 NYS2d 220]—

In two related proceedings pursuant to Social Services Law § 384-b to terminate parental rights on the ground of permanent neglect, the mother appeals from two orders of the Family Court, Kings County (Pearl, J.), both dated March 1, 2007 (one as to each child), which, after fact-finding and dispositional hearings, found that she had permanently neglected the subject children, terminated her parental rights, and transferred guardianship and custody of the subject children jointly to Abbott House and the Commissioner of Social Services of the City of New York for the purpose of adoption.

Ordered that orders are modified, on the law and the facts, by deleting the provisions thereof terminating the mother's parental rights to the subject children and transferring guardianship and custody of the subject children jointly to Abbott House and the Commissioner of Social Services of the City of New York for the purpose of adoption; as so modified, the orders are affirmed, the findings of permanent neglect remain in effect as to the subject children, and the matter is remitted to

the Family Court, Kings County, for a new dispositional hearing in accordance herewith and a new disposition thereafter.

The agency demonstrated by clear and convincing evidence that it fulfilled its statutory duty to exercise diligent efforts to encourage and strengthen the parent-child relationship (*see Matter of Leah Tanisha A.-N.,* 48 AD3d 801 [2008]; *Matter of Angel A.,* 48 AD3d 800 [2008]; Social Services Law § 384-b [7] [a]). The agency created a service plan for the mother that included individual therapy, a parenting skills class, and referrals to obtain housing and employment. The mother failed to plan for the children's future because she failed to obtain housing and employment pursuant to the service plan. She also failed to complete the entire parenting skills class, although she did complete the first stage. While there was evidence that the mother took some steps to comply with the service plan, her partial compliance was insufficient to preclude a finding of permanent neglect (*see Matter of Robert David L.,* 7 AD3d 529 [2004]; *Matter of Shane Anthony P,* 307 AD2d 297 [2003]). Accordingly, the Family Court properly found that the mother permanently neglected the children.

However, based on new facts and allegations, which this Court may properly consider, it is not clear that the termination of the mother's parental rights is in the children's best interests (*see Matter of Marc David D.,* 20 AD3d 565 [2005]). Accordingly, we remit the matter to the Family Court, Kings County, for a new dispositional hearing to determine the children's best interests and a new disposition thereafter (*see Matter of Marc David D.,* 20 AD3d 565 [2005]; *Matter of Antonette Alasha E.,* 8 AD3d 375 [2004]).

The mother's remaining contention is unpreserved for appellate review and, in any event, is without merit. Rivera, J.P., Miller, Angiolillo and Chambers, JJ., concur.