In four related proceedings pursuant to Social Services Law § 384-b to terminate parental rights on the ground of perma *472 nent neglect, the mother appeals, as limited by her brief, from so much of four orders of fact-finding and disposition (one as to each child) of the Family Court, Kings County (Elkins, J.), all dated April 17, 2007, as, after fact-finding and dispositional hearings, inter alia, found that she had permanently neglected the children, terminated her parental rights, and transferred guardianship and custody of the children to SCO Family of Services and the Commissioner of Social Services of the City of New York for the purpose of adoption.
Ordered that the orders of fact-finding and disposition concerning the children Kayshawn Raheim and Domonique Daquan are modified, on the law and the facts, by deleting the respective provisions thereof terminating the mother’s parental rights with respect to each of those children and transferring custody and guardianship of each of those children to SCO Family of Services and the Commissioner of Social Services of the City of New York for the purpose of adoption; as so modified, those two orders of fact-finding and disposition are affirmed insofar as appealed from, without costs or disbursements, the findings of permanent neglect remain in effect as to each of those children, and the proceedings concerning each of those children are remitted to the Family Court, Kings County, for dispositional hearings in accordance herewith; and it is further,
Ordered that the orders of fact-finding and disposition concerning the children Shatica Bretnea Versialee and Unstanding Joshawn are affirmed insofar as appealed from, without costs or disbursements.
Contrary to the mother’s contention, the presentment agency established that it made diligent efforts to assist her in maintaining contact with her children and planning for their future (see Matter of Star Leslie W., 63 NY2d 136, 142 [1984]; Matter of Sheila G., 61 NY2d 368, 383 [1984]). These efforts included facilitating visitation, referring the mother to family and individual counseling, and advising her that she must attend the visitation and therapy sessions (see Matter of Anna Marie G., 29 AD3d 992 [2006]; Matter of Joshua R., 2 AD3d 528 [2003]). Despite these efforts, the mother failed to maintain contact with the children and to plan for their future (see Matter of Leah Tanisha A.-N., 48 AD3d 801 [2008]; Matter of Deajah Shabri T., 44 AD3d 1060 [2007]).
Following findings of permanent neglect as to each of the children, the Family Court properly determined that the termination of the mother’s parental rights as to Shatica Bretnea Versialee and Unstanding Joshawn, thus freeing them for adoption, was in their best interests (see Family Ct Act § 631;
*473 Matter of Jennifer R., 29 AD3d 1005, 1007 [2006]). However, on the basis of new facts and allegations with regard to Kayshawn Raheim and Domonique Daquan, which this Court may properly consider (see Matter of Michael B., 80 NY2d 299, 318 [1992]; Matter of Antonette Alaska E., 8 AD3d 375 [2004]), including, inter alia, that the proposed adoptive mother died, no adoptive resources have been located for them, they are over 14 years of age, and they have expressed a desire to be with their mother, it is not clear that the termination of the mother’s parental rights is in their best interests (see Matter of Londel Chavis C., 41 AD3d 843 [2007]; Matter of Emma L., 35 AD3d 250 [2006]; Matter of Eugene L., 22 AD3d 348 [2005]). Accordingly, the proceedings concerning Kayshawn Raheim and Domonique Daquan must be remitted to the Family Court, Kings County, for new dispositional hearings to determine the best interests of each of those children (see Matter of Tony H., 28 AD3d 379 [2006]; Matter of Marc David D., 20 AD3d 565 [2005]). Florio, J.P., Angiolillo, McCarthy and Chambers, JJ., concur.