■ In the Matter of Danielle Joy K., a Child Alleged to be Permanently Neglected. Administration for Children's Services et al., Respondents; Stacy K., Appellant. [875 NYS2d 257]—

In a proceeding pursuant to Social Services Law § 384-b to terminate the mother's parental rights on the ground of permanent neglect, the mother appeals from an order of fact-finding and disposition of the Family Court, Kings County (Ruiz, J.), dated January 2, 2008, which, after fact-finding and dispositional hearings, found that the subject child was permanently neglected, terminated the mother's parental rights, and transferred guardianship and custody of the child to the Jewish Child Care Association of New York and the Commissioner of Social Services of the City of New York for the purpose of adoption.

Ordered that the order of fact-finding and disposition is modified, on the law and the facts, by deleting the provisions thereof terminating the mother's parental rights and transferring guardianship and custody of the child to the Jewish Child Care Association of New York and the Commissioner of Social Services of the City of New York for the purpose of adoption; as so modified, the order of fact-finding and disposition is affirmed, without costs or disbursements, the finding of permanent neglect remains in effect, and the matter is remitted to the Family Court, Kings County, for a new dispositional hearing in accordance herewith and a new disposition thereafter.

The agency established as a threshold matter that it made diligent efforts to encourage and strengthen the parental relationship between the mother and the child (*see Matter of Star Leslie W.*, 63 NY2d 136, 142 [1984]; *Matter of Sheila G.*, 61 NY2d 368, 384-385 [1984]). These efforts included scheduling numerous visits between the mother and the child, developing a service plan and advising the mother of the importance of complying with the service plan, and providing the mother with numerous referrals for family and individual therapy, parenting skills classes for children with special needs, and psychological and psychiatric evaluations (*see Matter of Kayshawn Raheim E.*, 56 AD3d 471, 472 [2008]; *Matter of Avery Curtis Foster Joe D.*, 306 AD2d 276 [2003]). Despite these efforts, the mother failed to plan for the return of the child by, among other things, failing to complete a parenting skills class for children with special needs and failing to complete psychological and psychiatric evaluations (*see Matter of "Female" C.*, 55 AD3d 603, 604 [2008]). Accordingly, the Family Court properly found that the mother permanently neglected the child.

However, based on new facts and allegations, which this Court may properly consider (*see Matter of Michael B.*, 80 NY2d 299, 318 [1992]; *Matter of Antonette Alasha E.*, 8 AD3d 375, 376 [2004]), including that the child is 16 years old and will not consent to adoption (*see* Domestic Relations Law § 111 [1] [a]), it is not clear that termination of the mother's parental rights is in the child's best interests (*see Matter of Shakima Renee M.*, 43 AD3d 343, 344 [2007]; *Matter of Marc David D.*, 20 AD3d 565, 567 [2005]; *Matter of Miguel Angel Andrew R.*, 263 AD2d 354 [1999]). Accordingly, the matter must be remitted to the Family Court, Kings County, for a new dispositional hearing to determine what is in the child's best interests and a new disposition thereafter. Rivera, J.P., Angiolillo, Eng and Belen, JJ., concur.