■ In the Matter of DILEINA M.F. MERCYFIRST, Respondent; ROSA F. Appellant, et al., Respondent. (Appeal No. 1.) In the Matter of STEVEN N.M.F. MERCYFIRST Respondent; ROSA F., Appellant, et al., Respondent. (Appeal No. 2.) [931 NYS2d 659]—

Contrary to the mother's contention, the Family Court properly found that she permanently neglected the subject children. The petitioner agency established by clear and convincing evidence that it made diligent efforts to encourage and strengthen the parental relationship (*see* Social Services Law § 384-b [7]; *Matter of Star Leslie W.*, 63 NY2d 136, 142-143 [1984]). These efforts included facilitating visitation, referring the mother for individual and family therapy, providing her with financial assistance to buy food and furniture and pay her rent arrears, and repeatedly advising her of the need to comply with the service plan by attending therapy, taking her prescribed medication, keeping her rent current, and obtaining employment (*see Matter of Beyonce H. [Baranaca H.]*, 85 AD3d 1168, 1169 [2011]; *Matter of Teshana Tracey T. [Janet T.]*, 71 AD3d 1032, 1033 [2010]; *Matter of Shamel H.*, 61 AD3d 685 [2009]; *Matter of Danielle Joy K.*, 60 AD3d 948, 949 [2009]; *Matter of Kayshawn Raheim E.*, 56 AD3d 471, 472 [2008]; *Matter of "Female" C.*, 55 AD3d 603, 604 [2008]). Despite these efforts, the mother failed to plan for the children's future by failing to attend visitation and therapy regularly, recognize and address the problems that led to the children's placement in foster care, take her medication consistently, or obtain steady employment and stable housing (*see Matter of Beyonce H. [Baranaca H.]*, 85 AD3d at 1169; *Matter of Zechariah J. [Valrick J.]*, 84 AD3d 1087, 1088 [2011]; *Matter of "Female" C.*, 55 AD3d at 604).

Further, the petitioner also established by clear and convincing evidence that the mother is presently and for the foreseeable future unable, by reason of mental illness, to provide proper and adequate care for the children (*see* Social Services Law § 384-b [4] [c]). A licensed psychologist who interviewed the mother and reviewed her medical records testified that she suffered from a mood disorder, post-traumatic stress disorder, and a personality disorder. The psychologist also testified that the mother's insight into her mental illness was poor, and that her prognosis for remedying her mental illness to the point where

she would be able to parent a child was also poor. The psychologist additionally opined that the children would be at risk of neglect if placed in the mother's care based on her long-standing pattern of functioning and behavior. This evidence supported the Family Court's determination (*see Matter of Dominique Larissa Blue M. [Yasmin M.]*, 84 AD3d 962, 963 [2011]; *Matter of Alexander James R.*, 48 AD3d 820, 821 [2008]; *Matter of Tamaine William B.*, 38 AD3d 767, 768 [2007]; *Matter of Tyler Shannara S.*, 38 AD3d 560, 561 [2007]).

Accordingly, the Family Court properly terminated the mother's parental rights on the grounds of both mental illness and permanent neglect. Mastro, J.P., Eng, Belen and Hall, JJ., concur.