In the Matter of HADIYYAH J.M. ST. VINCENT'S SERVICES, INC., Respondent; FATIMA D.R., Appellant. (Proceeding No. 1.) In the Matter of JONATHAN J.R. ST. VINCENT'S SERVICES, INC., Respondent; FATIMA D.R., Appellant. (Proceeding No. 2.) In the Matter of TIFFANY M.R. ST. VINCENT'S SERVICES, INC., Respondent; FATIMA D.R., Appellant. (Proceeding No. 3.) [938 NYS2d 565]—

Contrary to the mother's contention, the Family Court properly found that she permanently neglected the subject children. The petitioner agency established by clear and convincing evidence that it made diligent efforts to encourage and strengthen the parental relationship by meeting with the mother to review her service plan and discussing the importance

of compliance, making efforts to enroll the mother in a day treatment program to address her anger management and mental health issues, and scheduling visitation between the mother and the subject children (*see Matter of Star Leslie W.*, 63 NY2d 136, 142 [1984]; *Matter of Fernando Alexander B. [Simone Anita W.]*, 85 AD3d 658, 659 [2011]; *Matter of John M. [Raymond K.]*, 82 AD3d 1100 [2011]). Despite these efforts, the mother failed to plan for the future of the children (*see* Social Services Law § 384-b [7] [c]; *Matter of Beyonce H. [Baranaca H.]*, 85 AD3d 1168, 1169 [2011]). The mother's partial compliance with the service plan was insufficient to preclude a finding of permanent neglect (*see Matter of "Female" C.*, 55 AD3d 603, 604 [2008]; *Matter of Robert David L.*, 7 AD3d 529, 530 [2004]; *Matter of Shane Anthony P.*, 307 AD2d 297 [2003]).

Furthermore, the Family Court correctly determined that it would be in the children's best interests to terminate the mother's parental rights and free the children for adoption by their respective foster parents, with whom the three children had been living continuously since 2004 (*see Matter of Daevon Lamar P.*, 48 AD3d 469, 470 [2008]; *Matter of Tynell S.*, 43 AD3d 1171, 1173 [2007]). Rivera, J.P., Roman, Sgroi and Cohen, JJ., concur.