■ In the Matter of KIRA J. NASSAU COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; LAKISHA J., Appellant. [968 NYS2d 566]—

In a proceeding pursuant to Social Services Law § 384-b to terminate parental rights on the grounds of permanent neglect and mental illness, the mother appeals from an order of fact-finding and disposition of the Family Court, Nassau County (Dane, J.), dated January 19, 2012, which, after a fact-finding hearing, found that she permanently neglected the subject child and that she is presently and for the foreseeable future unable, by reason of mental illness, to provide proper and adequate care for the subject child, terminated her parental rights, and transferred guardianship and custody of the subject child to the Commissioner of the Nassau County Department of Social Services for the purpose of adoption.

Ordered that the order of fact-finding and disposition is affirmed, without costs or disbursements.

Contrary to the mother's contention, the petitioner established by clear and convincing evidence that it made diligent efforts to encourage and strengthen the parental relationship by, among other things, developing a service plan, facilitating regular visitation with the child, and making referrals for mental health evaluations and counseling (see Matter of Carmine A.B. [Nicole B.], 101 AD3d 711 [2012]; Matter of Joseph W. [Monica W.], 95 AD3d 1347 [2012]; Matter of Austin C. [Alicia Y.], 77 AD3d 938 [2010]; Matter of Darlene L., 38 AD3d 552 [2007]). Additionally, the petitioner established that, despite these efforts, the mother failed to plan for the children's future (Matter of Joseph W. [Monica W.], 95 AD3d at 1347; Matter of Dileina M.F. [Rosa F.], 88 AD3d 998 [2011]; Matter of Darlene L., 38 AD3d at 552). The mother failed to complete a mental health program, and her continued lack of insight into the reasons why the child was removed from her care prevented her from correcting such problems and reflected her failure to plan for the child's future. Accordingly, the Family Court properly determined that the mother permanently neglected the child.

Further, the Family Court properly found that there was clear and convincing evidence that the mother is presently and for

the foreseeable future unable, by reason of mental illness, to provide proper and adequate care for the child (*see* Social Services Law § 384-b [4] [c]). A licensed psychologist, who interviewed the mother and reviewed her medical records, concluded that the mother suffers from schizophrenia, and opined that the child would be at risk of neglect if placed in the mother's care since her impairment is severe and she is not amenable to treatment and intervention. Such evidence is sufficient to support the Family Court's determination that the mother is presently and for the foreseeable future unable, by reason of mental illness, to provide proper and adequate care for the subject child (*see* Social Services Law § 384-b [4] [c]; *Matter of B. Mc. [Dawn Mc.],* 99 AD3d 713 [2012]; *Matter of Dileina M.F. [Rosa F.],* 88 AD3d 998 [2011]; *Matter of Dominique Larissa Blue M. [Yasmin M.],* 84 AD3d 962 [2011]; *Matter of Erica D.,* 294 AD2d 435 [2002]; *Matter of Christina C.,* 185 AD2d 843 [1992]). Dillon, J.P., Roman, Miller and Hinds-Radix, JJ., concur.