■ In the Matter of JAMEL D.G., an Infant. LITTLE FLOWER CHILDREN AND FAMILY SERVICES OF NEW YORK, Respondent; MONIQUE G., Appellant. [971 NYS2d 303]—

In a proceeding pursuant to Social Services Law § 384-b to terminate parental rights on the ground of permanent neglect, the mother appeals from (1) an order of fact-finding and disposition of the Family Court, Kings County (Danoff, J.), dated May 8, 2012, which, after fact-finding and dispositional hearings, found that she permanently neglected the subject child, terminated her parental rights, and transferred custody and

guardianship to the Commissioner of Social Services of the City of New York and Little Flower Children and Family Services of New York for the purpose of adoption, and (2) an order of the same court dated May 21, 2012, which, inter alia, denied her application for visitation with the subject child.

Ordered that the orders are affirmed, without costs or disbursements.

The Family Court properly found that the mother permanently neglected the subject child, terminated the mother's parental rights, and transferred custody and guardianship of the child for the purpose of adoption. The petitioner agency established by clear and convincing evidence that it made diligent efforts to encourage and strengthen the parental relationship (*see Matter of Mekhi Kahalil G. [Ainsley M.J.]*, 99 AD3d 1003, 1005 [2012]; *Matter of Hadiyyah J.M. [Fatima D.R.]*, 91 AD3d 874, 874-875 [2012]; *Matter of "Female" W.*, 7 AD3d 723 [2004]). Despite these efforts, the mother failed to plan for the child's future (*see Matter of Mekhi Kahalil G. [Ainsley M.J.]*, 99 AD3d at 1005; *Matter of Hadiyyah J.M. [Fatima D.R.]*, 91 AD3d at 875). Further, the Family Court properly determined that it was in the child's best interests to terminate the mother's parental rights and free the child for adoption by the foster mother (*see Matter of Jaylen S. [Victoria S.]*, 102 AD3d 877 [2013]; *Matter of Peter C., Jr. [Peter C.]*, 88 AD3d 702, 703 [2011]). Contrary to the mother's contention, a suspended judgment was not appropriate in this case (*see Matter of Victoria C. [Cassandra C.]*, 106 AD3d 1084 [2013]; *Matter of Christopher T.*, 94 AD3d 900, 901 [2012]).

To the extent that the mother contends that the Family Court erred in denying her request for visitation with the child after her parental rights had been terminated, her contention is without merit, since the Family Court lacks the authority to direct continuing contact between parent and child once parental rights have been terminated pursuant to Social Services Law § 384-b (*see Matter of Hailey ZZ. [Ricky ZZ.]*, 19 NY3d 422, 426 [2012]; *Matter of Mekhi Kahalil G. [Ainsley M.J.]*, 99 AD3d at 1005).

The mother's remaining contentions are without merit. Dillon, J.P., Dickerson, Austin and Miller, JJ., concur.