In the Matter of DARRYL A.H., an Infant. ADMINISTRATION FOR CHILDREN'S SERVICES et al., Respondents; OLGA Z., Appellant. (Proceeding No. 1.) In the Matter of ORIANNE Z., an Infant. ADMINISTRATION FOR CHILDREN'S SERVICES et al., Respondents; OLGA Z., Appellant. (Proceeding No. 2.) [971 NYS2d 134]—

In two related proceedings pursuant to Social Services Law § 384-b to terminate parental rights on the ground of permanent neglect, the mother appeals, as limited by her brief, from so much of two orders of fact-finding and disposition of the Family Court, Queens County (McGowan, J.) (one as to each child), both dated April 12, 2012, as, after fact-finding and dispositional hearings, found that she had permanently neglected the subject children and terminated her parental rights.

Ordered that the orders of fact-finding and disposition are affirmed insofar as appealed from, without costs or disbursements.

The Family Court properly found that the mother permanently neglected the subject children. The petitioners established by clear and convincing evidence that they made diligent efforts to encourage and strengthen the parental relationship (*see* Social Services Law § 384-b [7]; *Matter of Star Leslie W.*, 63 NY2d 136, 142-143 [1984]). These efforts included facilitating visitation, repeatedly providing the mother with referrals for parenting skills classes and mental health evaluations and counseling, and repeatedly advising the mother of the need for her to attend and complete such programs (*see Matter of Joseph W. [Monica W.]*, 95 AD3d 1347 [2012]; *Matter of Beyonce H. [Baranaca H.]*, 85 AD3d 1168 [2011]; *Matter of Danielle Joy K.*, 60 AD3d 948 [2009]). Despite these efforts, the mother failed to plan for the children's future by failing to complete the necessary programs (*see Matter of Shamika K.L.N. [Melvin S.L.]*, 101 AD3d 729 [2012]; *Matter of Justin I.B. [Natalie B.]*, 99 AD3d 897 [2012]; *Matter of Hadiyyah J.M. [Fatima D.R.]*, 91 AD3d

874 [2012]; *Matter of "Female" C.*, 55 AD3d 603 [2008]). Furthermore, the Family Court properly determined that it was in the best interests of the children to terminate the mother's parental rights (*see Matter of W.J. [B.J.]*, 99 AD3d 711 [2012]; *Matter of Kyshawn F. [Nellie M.-F.]*, 95 AD3d 883 [2012]; *Matter of Anthony R. [Juliann A.]*, 90 AD3d 1055, 1056-1057 [2011]).

The mother's remaining contention is without merit. Skelos, J.P., Angiolillo, Roman and Cohen, JJ., concur.