■ In the Matter of CLAIR E.F. ORANGE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; BENJAMIN F. et al., Appellants; KAREN M., Intervenor-Respondent. [996 NYS2d 705]—

In a proceeding pursuant to Social Services Law § 384-b to terminate parental rights on the ground of permanent neglect, the mother and the father separately appeal from an amended order of disposition of the Family Court, Orange County (Woods, J.), dated May 8, 2013, which, upon a fact-finding order of the same court dated April 16, 2013, made after a hearing, finding that the mother and the father had permanently neglected the subject child, and after a dispositional hearing, terminated their parental rights, transferred guardianship and custody of the subject child to the Orange County Department of Social Services, and freed the child for adoption. The appeal from the amended order of disposition brings up for review the fact-finding order.

Ordered that the amended order of disposition is affirmed, without costs or disbursements.

The Family Court properly found that the parents permanently neglected the subject child. The petitioner established by clear and convincing evidence that it made diligent efforts to encourage and strengthen the parental relationship (see Social Services Law § 384-b [7]; Matter of Star Leslie W., 63 NY2d 136, 142-143 [1984]; Matter of Darryl A.H. [Olga Z.], 109 AD3d 824, 824-825 [2013]). These efforts included facilitating visitation, providing referrals for mental health evaluations and counseling, and repeatedly advising the parents of the need to attend and complete such programs (see Matter of Joseph W. [Monica W.], 95 AD3d 1347 [2012]; Matter of Beyonce H. [Baranaca H.], 85 AD3d 1168 [2011]; Matter of Danielle Joy K., 60 AD3d 948 [2009]). Despite these efforts, the parents failed to plan for the child's future by failing to consistently attend the necessary programs (see Matter of Shamika K.L.N. [Melvin S.L.], 101 AD3d 729 [2012]; Matter of Justin I.B. [Natalie B.], 99 AD3d 897 [2012]; Matter of Hadiyyah J.M. [Fatima D.R.], 91 AD3d 874 [2012]; Matter of "Female" C., 55 AD3d 603 [2008]).

Furthermore, the Family Court properly determined that it was in the best interests of the child to terminate the parental rights of the mother and the father (see Matter of Darryl A.H. [Olga Z.], 109 AD3d at 825; Matter of W.J. [B.J.], 99 AD3d 711 [2012]; Matter of Kyshawn F. [Nellie M.-F.], 95 AD3d 883 [2012]; Matter of Anthony R. [Juliann A.], 90 AD3d 1055, 1056-1057 [2011]). Mastro, J.P., Sgroi, Cohen and Miller, JJ., concur.