■ In the Matter of REID W. ORANGE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; CHRISTINA W., Appellant, et al., Respondent. (Proceeding No. 1.) In the Matter of ELIJAH W. ORANGE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; CHRISTINA W., Appellant, et al., Respondent. (Proceeding No. 2.) [7 NYS3d 497]—Appeal from an order of fact-finding and disposition of the Family Court, Orange County (Lori Currier Woods, J.), entered January 27, 2014. The order of fact-finding and disposition, insofar as appealed from, after fact-finding and dispositional hearings, found that the mother permanently neglected the children, terminated the mother's parental rights, and transferred guardianship and custody of the children to the Orange County Department of Social Services for the purpose of adoption.

Ordered that the order of fact-finding and disposition is affirmed insofar as appealed from, without costs or disbursements.

" 'To establish permanent neglect, there must be clear and convincing proof that, for a period of one year following the child's placement with an authorized agency, the parent failed to substantially and continuously maintain contact with the child or, alternatively, failed to plan for the future of the child, although physically and financially able to do so, notwithstanding the agency's diligent efforts to encourage and strengthen

the parental relationship' " (*Matter of Egypt A.A.G. [Kimble G.]*, 108 AD3d 533, 533-534 [2013], quoting *Matter of Walter D.H. [Zaire L.]*, 91 AD3d 950, 951 [2012]; *see Matter of Luis A.M.C. [Wendy M.]*, 102 AD3d 780, 781 [2013]). Pursuant to Social Services Law § 384-b (7) (c), planning for the future of the child means taking such steps as may be reasonably necessary to provide an adequate, stable home and parental care for the child within a period of time that is reasonable under the financial circumstances available to the parent (*see* Social Services Law § 384-b [7] [c]; *Matter of Egypt A.A.G. [Kimble G.]*, 108 AD3d at 534). The plan must be realistic and feasible, and good faith effort shall not, of itself, be determinative (*see Matter of Egypt A.A.G. [Kimble G.]*, 108 AD3d at 534). At a minimum, planning for the future of the child requires the parent to take steps to correct the conditions that led to the child's removal from the home (*see* Social Services Law § 384-b [7] [a], [c]; *Matter of Egypt A.A.G. [Kimble G.]*, 108 AD3d at 534; *Matter of Luis A.M.C. [Wendy M.]*, 102 AD3d at 781; *Matter of Carmine A.B. [Nicole B.]*, 101 AD3d 711, 712 [2012]).

Here, the Family Court properly found that the mother permanently neglected the subject children. The agency established by clear and convincing evidence that it made diligent efforts to encourage and strengthen the parental relationship (*see Matter of Egypt A.A.G. [Kimble G.]*, 108 AD3d at 534; *Matter of Luis A.M.C. [Wendy M.]*, 102 AD3d at 781). The agency also established by clear and convincing evidence that the mother failed for a period of one year following the children's placement with the agency to plan for the children's future, as she failed to develop a realistic and feasible plan (*see* Social Services Law § 384-b [7] [c]; *Matter of Egypt A.A.G. [Kimble G.]*, 108 AD3d at 534).

Moreover, the Family Court properly determined that termination of the mother's parental rights, rather than the entry of a suspended judgment, was in the children's best interests (*see* Family Ct Act § 631; *Matter of Hason-Ja M. [Kiladi M.]*, 124 AD3d 894, 895-896 [2015]; *Matter of Amonte M. [Mary M.]*, 112 AD3d 937, 938-939 [2013]; *Matter of Precious D.A. [Tasha A.]*, 110 AD3d 789, 790 [2013]). Rivera, J.P., Dickerson, Cohen and Barros, JJ., concur.