■ In the Matter of AMINATA M.S.-L. WESTCHESTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; DORIS L., Appellant. (Proceeding No. 1.) In the Matter of NEFERITTI M.A.S.-L. WESTCHESTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; DORIS L., Appellant. (Proceeding No. 2.) [8 NYS3d 430]—Appeal from an order of disposition of the Family Court, Westchester County (Kathie E. Davidson, J.), dated December 18, 2013. The order, after a dispositional hearing, terminated the parental rights of the mother and transferred the guardianship and custody of the subject children to the Westchester County Department of Social Services for the purpose of adoption. The appeal from the order of disposition brings up for review an order of fact-finding of that court dated January 31, 2012, which, after a fact-finding hearing, found that the mother permanently neglected the subject children.

Ordered that the order of disposition dated December 18, 2013, is affirmed, without costs or disbursements.

To establish permanent neglect, there must be clear and convincing proof that, for a period of one year following the child's placement with an authorized agency, the parent failed to substantially and continuously or repeatedly maintain contact with or plan for the future of the child, although physically and financially able to do so, notwithstanding the agency's diligent efforts to encourage and strengthen the parental relationship (*see* Social Services Law § 384-b [7]; *Matter of Egypt A.A.G. [Kimble G.]*, 108 AD3d 533, 533-534 [2013]; *Matter of Luis A.M.C. [Wendy M.]*, 102 AD3d 780, 781 [2013]). "At a minimum, planning for the future of the child requires the parent to take steps to correct the conditions that led to the child's removal from the home" (*Matter of David O.C.*, 57 AD3d 775, 775-776 [2008]; *see Matter of Carmine A.B. [Nicole B.]*, 101 AD3d 711, 712 [2012]).

Here, the Family Court properly found that the mother

permanently neglected the subject children. The petitioner established by clear and convincing evidence that it made diligent efforts to assist the mother in planning for the children's future by, among other things, meeting with the mother to review her service plan, providing referrals for drug treatment, mental health, and parenting skills services, discussing the importance of compliance, and arranging for visitation between the mother and the children (*see* Social Services Law § 384-b [7] [f]; *Matter of Star Leslie W.*, 63 NY2d 136 [1984]; *Matter of Tarmara F.J. [Jaineen J.]*, 108 AD3d 543 [2013]). Despite these efforts, the mother failed for a period of more than one year following the date that the children came into the agency's care to plan for the children's future, although physically and financially able to do so (*see* Social Services Law § 384-b [7] [a], [c]; *Matter of Justice A.A. [Tina M.G.]*, 121 AD3d 886, 887 [2014]; *Matter of Elasia A.D.B. [Crystal D.G.]*, 118 AD3d 778, 779 [2014]).

Moreover, the Family Court properly determined that termination of the mother's parental rights, rather than the entry of a suspended judgment, was in the children's best interests (*see* Family Ct Act § 631; *Matter of Gianni D.M. [Herbert M.]*, 118 AD3d 1003, 1004 [2014]; *Matter of Amonte M. [Mary M.]*, 112 AD3d 937, 938-939 [2013]; *Matter of Precious D.A. [Tasha A.]*, 110 AD3d 789, 790 [2013]).

The mother's remaining contention is without merit. Hall, J.P., Sgroi, Miller and Hinds-Radix, JJ., concur.