■ In the Matter of ANGELO E.S. JEWISH CHILD CARE ASSOCIATION OF NEW YORK, Respondent; KATOYA P.M., Appellant, et al., Respondent. (Proceeding No. 1.) In the Matter of ANGELISE S. JEWISH CHILD CARE ASSOCIATION OF NEW YORK, Respondent; KATOYA P.M., Appellant, et al., Respondent. (Proceeding No. 2.) [10 NYS3d 337]—

Appeals from two orders of fact-finding and disposition of the Family Court, Kings County (Ann E. O'Shea, J.), each dated October 15, 2013. The orders, one as to each of the two subject children, after fact-finding and dispositional hearings, inter alia, found that the mother permanently neglected each of the children, terminated her parental rights as to each subject child, and transferred custody and guardianship of the children to the Jewish Child Care Association of New York and the Commissioner of Social Services of the City of New York for the purpose of adoption.

Ordered that the appeal from so much of each of the orders of fact-finding and disposition as terminated the mother's parental rights and freed each of the children for adoption is dismissed, without costs or disbursements; and it is further,

Ordered that the orders of fact-finding and disposition are affirmed insofar as reviewed, without costs or disbursements.

"To establish permanent neglect, there must be clear and convincing proof that, for a period of one year following the child's placement with an authorized agency, the parent failed to substantially and continuously maintain contact with the child or, alternatively, failed to plan for the future of the child, although physically and financially able to do so, notwithstanding the agency's diligent efforts to encourage and strengthen the parental relationship" (*Matter of Egypt A.A.G. [Kimble G.]*, 108 AD3d 533, 533-534 [2013]; *see Matter of Luis A.M.C. [Wendy M.]*, 102 AD3d 780, 781 [2013]; *Matter of Walter D.H. [Zaire L.]*, 91 AD3d 950, 951 [2012]). According to Social Services Law § 384-b (7) (c), planning for the future of the children means taking such steps as may be reasonably necessary to provide an adequate, stable home and parental care for the children within a period of time that is reasonable under the financial circumstances available to the parent (*see* Social Services Law § 384-b [7] [c]; *Matter of Egypt A.A.G. [Kimble G.]*, 108 AD3d at 534). The plan must be realistic and feasible, and good-faith effort shall not, of itself, be determinative (*see Matter of Egypt A.A.G. [Kimble G.]*, 108 AD3d at 534). At a minimum, planning for the children's future requires the parent to take steps to correct the conditions that led to the children's removal from the home (*see* Social Services Law § 384-b [7] [a], [c]; *Matter of Egypt A.A.G. [Kimble G.]*, 108 AD3d at 534; *Matter of Luis A.M.C. [Wendy M.]*, 102 AD3d at 781; *Matter of Carmine A.B. [Nicole B.]*, 101 AD3d 711, 712 [2012]).

Here, the Family Court properly found that the mother permanently neglected the subject children. The petitioner, Jewish Child Care Association of New York (hereinafter the agency), established by clear and convincing evidence that it made diligent efforts to encourage and strengthen the parental relationship (*see Matter of Egypt A.A.G. [Kimble G.]*, 108 AD3d at 534; *Matter of Luis A.M.C. [Wendy M.]*, 102 AD3d at 781). The agency also established by clear and convincing evidence that the mother failed, for a period of one year following the children's placement with the agency, to plan for the children's future. The mother failed to develop a realistic and feasible plan in that she had no permanent address, her visits with the children were problematic, as she was often late by up to two hours for the visits while the children were waiting for her and she had to be refocused on the children by the supervisor during the visits, and she also failed to follow through with mental health treatment as required (*see* Social Services Law § 384-b [7] [c]; *Matter of Egypt A.A.G. [Kimble G.]*, 108 AD3d at 534).

The mother may not appeal from the dispositional portion of

each of the orders in light of her default in failing to appear at the dispositional hearing (*see Matter of Male G. [David D.]*, 121 AD3d 789 [2014]; *Matter of Jahira N.D. [Shaniqua S.S.]*, 111 AD3d 826 [2013]). Leventhal, J.P., Cohen, Hinds-Radix and Duffy, JJ., concur.