■ In the Matter of MERCEDES R.B. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; HEATHER C., Appellant, et al., Respondent. [12 NYS3d 909]—Appeal from an order

of fact-finding and disposition of the Family Court, Suffolk County (David Freundlich, J.), entered August 15, 2013. The order, insofar as appealed from, after fact-finding and dispositional hearings, found that the mother permanently neglected the subject child, terminated her parental rights, and committed the child to the custody and guardianship of the Suffolk County Department of Social Services for the purpose of adoption.

Ordered that the order of fact-finding and disposition is affirmed insofar as appealed from, without costs or disbursements.

The petitioner established, by clear and convincing evidence, that it exercised diligent efforts to strengthen the parent-child relationship by, inter alia, scheduling visits between the mother and the child, providing referrals for court-ordered programs, and advising the mother of the importance of complying with the court's directives (see Matter of Tarmara F.J. [Jaineen J.], 108 AD3d 543, 543-544 [2013]; Matter of John M. [Raymond K.], 82 AD3d 1100 [2011]; Matter of Danielle Joy K., 60 AD3d 948 [2009]). Despite these efforts, the mother failed to plan for the return of the child by, among other things, failing to attend a substance abuse treatment program and to participate in psychotherapy. Although the mother completed a parenting course, she did not address her substance abuse and mental health issues (see Matter of Travis G. [Carmen M.], 117 AD3d 1049 [2014]). Accordingly, the Family Court properly determined that the mother had permanently neglected the child and that it was in the child's best interests to terminate the mother's parental rights (see Matter of Tarmara F.J. [Jaineen J.], 108 AD3d at 544). Skelos, J.P., Leventhal, Hinds-Radix and Maltese, JJ., concur.