■ In the Matter of ELIJAH M.A., Also Known as ELIJAH A. and Another. LITTLE FLOWER CHILDREN AND FAMILY SERVICES OF NEW YORK, Respondent; MOHAMMED A., Appellant, et al., Respondent. [24 NYS3d 122]—

Appeal from an order of fact-finding and disposition of the Family Court, Kings County (Daniel Turbow, J.), dated September 26, 2014. The order of fact-finding and disposition, after fact-finding and dispositional hearings, and upon the father's failure to appear at the dispositional hearing, found that the father permanently neglected the subject child, terminated his parental rights, and transferred guardianship and custody of the subject child to the Commissioner of Social Services of the City of New York and the petitioner Little Flower Children and Family Services for the purpose of adoption.

Ordered that the appeal from so much of the order of fact-finding and disposition as terminated the father's parental rights and freed the child for adoption, upon his failure to appear at the dispositional hearing, is dismissed, without costs or disbursements, as no appeal lies from that portion of the order which was entered on the father's default (*see* CPLR 5511); and it is further,

Ordered that the order of fact-finding and disposition is affirmed insofar as reviewed, without costs or disbursements.

The petitioner, Little Flower Children and Family Services, commenced this proceeding pursuant to Social Services Law § 384-b. After fact-finding and disposition hearings, and upon the father's failure to appear at the dispositional hearing, the Family Court found that the father permanently neglected the subject child, terminated his parental rights, and transferred guardianship and custody of the subject child to the Commissioner of Social Services of the City of New York and the petitioner for the purpose of adoption. The father appeals.

To establish permanent neglect, there must be clear and convincing proof that, for a period of one year following the child's placement with an authorized agency, the parent failed to substantially and continuously maintain contact with the child or, alternatively, failed to plan for the future of the child, although physically and financially able to do so, notwithstanding the agency's diligent efforts to encourage and strengthen the parental relationship (*see* Social Services Law § 384-b [7]; *Matter of Star Leslie W.,* 63 NY2d 136, 142-143 [1984]; *Matter of Walter D.H. [Zaire L.],* 91 AD3d 950, 951 [2012]). At a minimum, planning for the future of the child requires the parent to take steps to correct the conditions that led to the child's removal from the home (*see Matter of Reid W. [Christina W.],* 127 AD3d 1099 [2015]; *Matter of David O.C.,* 57 AD3d 775,

775-776 [2008]; *see also Matter of Nathaniel T.*, 67 NY2d 838, 840 [1986]; *Matter of Leon RR*, 48 NY2d 117, 125 [1979]).

Here, the Family Court properly found that the father permanently neglected the subject child. The petitioner established by clear and convincing evidence that it made diligent efforts to encourage and strengthen the parental relationship (*see Matter of Aminata M.S.-L. [Doris L.]*, 128 AD3d 707, 708 [2015]; *Matter of Amonte M. [Mary M.]*, 112 AD3d 937 [2013]; *Matter of Carmine A.B. [Nicole B.]*, 101 AD3d 711, 712 [2012]). These efforts included facilitating visitation, providing referrals for mental health counseling and substance abuse programs, and repeatedly advising the father of the need to attend and complete such programs (*see Matter of Clair E.F. [Benjamin F.—Karen M.]*, 122 AD3d 847 [2014]; *Matter of Shamika K.L.N. [Melvin S.L.]*, 101 AD3d 729 [2012]). Despite these efforts, the father failed for a period of more than one year following the date that the child came into the agency's care to plan for the child's future, although physically and financially able to do so (*see Matter of Angelo E.S. [Katoya P.M.]*, 129 AD3d 850 [2015]; *Matter of Egypt A.A.G. [Kimble G.]*, 108 AD3d 533 [2013]). Rivera, J.P., Balkin, Roman and Sgroi, JJ., concur.