■ In the Matter of DESTINY G. and Another, Infants. ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; LARICIA H., Appellant. [54 NYS3d 346]—

Appeal from an order of the Family Court, Erie County (Sharon M. LoVallo, J.), entered February 9, 2016 in a proceeding pursuant to Social Services Law § 384-b. The order, inter alia, terminated the parental rights of respondent with respect to the subject children.

It is hereby ordered that the order so appealed from is unanimously vacated on the law without costs and the matter is remitted to Family Court, Erie County, for further proceedings in accordance with the following memorandum: Respondent mother appeals from an order that terminated her parental rights with respect to two of her children. Following an evidentiary hearing, Family Court determined that the mother is presently and for the foreseeable future unable to provide proper and adequate care for her children by reason of her intellectual disability (*see* Social Services Law § 384-b [4] [c]; [6] [b]; *Matter of Joseph A.T.P. [Julia P.]*, 107 AD3d 1534, 1535 [2013]).

We agree with the mother that the court abused its discretion in denying her counsel's request for a continuance when, due to emotional distress, the mother was unable to appear in the afternoon on the final day of her hearing. The determination whether to grant a request for an adjournment for any purpose is a matter resting within the sound discretion of the trial court (*see Matter of Steven B.*, 6 NY3d 888, 889 [2006]; *Matter of Latonia W. [Anthony W.]*, 144 AD3d 1692, 1692-1693 [2016], *lv denied* 28 NY3d 914 [2017]; *Matter of Sophia M.G.-K. [Tracy G.-K.]*, 84 AD3d 1746, 1747 [2011]). Under the circum-

stances presented here, including that the issue is the termination of parental rights, we conclude that it was an abuse of discretion to deny the mother's request for a continuance. We therefore vacate the order and remit the matter to Family Court to allow the mother to present evidence at a reopened fact-finding hearing (*see Matter of Joy Cynlinda C.*, 243 AD2d 631, 632 [1997]; *Matter of Tesema H.*, 227 AD2d 122, 122 [1996]).

In light of our determination, we do not address the mother's remaining contentions. Present—Smith, J.P., Carni, DeJoseph, NeMoyer and Troutman, JJ.