Matter of Alquaran F. (Anne C.) (2020 NY Slip Op 07566)





Matter of Alquaran F. (Anne C.)


2020 NY Slip Op 07566


Decided on December 16, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 16, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
LEONARD B. AUSTIN
ROBERT J. MILLER
FRANCESCA E. CONNOLLY, JJ.


2019-10975
 (Docket Nos. B-361-19, B-362-19, B-363-19)

[*1]In the Matter of Alquaran F. (Anonymous). Orange County Department of Social Services, petitioner-respondent; Anne C. (Anonymous), respondent-appellant, et al., respondent. (Proceeding No. 1.)
In the Matter of Izaiah F. (Anonymous). Orange County Department of Social Services, petitioner-respondent; Anne C. (Anonymous), respondent-appellant, et al., respondent. (Proceeding No. 2.)
In the Matter of La'Rai F. (Anonymous). Orange County Department of Social Services, petitioner-respondent; Anne C. (Anonymous), respondent-appellant, et al., respondent. (Proceeding No. 3.)


Alex Smith, Middletown, NY, for respondent-appellant.
Langdon C. Chapman, County Attorney, Goshen, NY (Linda P. DaSilva of counsel), for petitioner-respondent.
Ronna L. DeLoe, Larchmont, NY, attorney for the children.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6 and Social Services Law § 384-b to terminate parental rights on the ground of permanent neglect, the mother appeals from an order of disposition of the Family Court, Orange County (Victoria B. Campbell, J.), dated September 9, 2019. The order of disposition, insofar as appealed from, upon an order of fact-finding of the same court dated May 24, 2019, made after a fact-finding hearing, finding, inter alia, that the mother permanently neglected the subject children, and after a dispositional hearing, terminated the mother's parental rights and transferred guardianship and custody of the subject children to the petitioner for the purpose of adoption.
ORDERED that the order of disposition is affirmed insofar as appealed from, without costs or disbursements.
A parent has permanently neglected a child when he or she fails for a period of at least one year after the child came into the custody of an authorized agency substantially and continuously [*2]or repeatedly to maintain contact with or plan for the future of the child (see Social Services Law § 384-b[7][a]; Matter of Joshua E.R. [Yolaine R.], 123 AD3d 723, 725).
Here, the petitioner established, by clear and convincing evidence, that despite its diligent efforts to encourage and strengthen the parental relationship, the mother failed to have regular and consistent contact with the subject children, and failed to plan for the children's future (see Matter of Karina J.M. [Carmen Enid G.], 145 AD3d 893, 895; Matter of Angelo E.S. [Katoya P.M.], 129 AD3d 850, 851).
Furthermore, we agree with the Family Court's finding, after a dispositional hearing, that it was in the best interests of the children to terminate the mother's parental rights and to free them for adoption (see Matter of Davon K.W. [Lissette N.C.], 187 AD3d 766; Matter of Zachi D.D. [Jeffrey D.], 124 AD3d 776, 777).
MASTRO, J.P., AUSTIN, MILLER and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court